**Sergio VIVOLI, etc., Plaintiff,**

v.

**VIVOLI'S, etc., et al., Defendants.**

**No. CV–84–4432.**

United States District Court,
C.D. California.

Nov. 30, 1984.

Mark A. Borenstein, Tuttle & Taylor, Los Angeles, Cal., for plaintiff.

Flehr, Hohbach, Test, Albritton & Herbert, Richard E. Backus, San Francisco, Cal., Cislo, O'Reilly & Thomas, Donald M. Cislo, Santa Monica, Cal., for defendants.

## MEMORANDUM OPINION AND ORDER TRANSFERRING ACTION TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA

CONSUELO BLAND MARSHALL, District Judge.

## I. FACTS

Plaintiff is a general partner in Gelateria Vivoli, an Italian "gelato" (ice cream) business located in Florence, Italy. Gelateria Vivoli does no business in the United States, does not sell gelato here, has no retail outlets here, and does no advertising here. Plaintiff Sergio Vivoli resides here; however, this action is not brought on his behalf as an individual, but rather on behalf of the Italian partnership. At some time in the future, the Italian partnership may set up a store in the Central District of California.

Defendants are a California corporation, Vivoli's; Vivoli's of Italy, a California partnership; and the three individuals who are partners in Vivoli's of Italy. The corporation and partnership are headquartered in the Berkeley area, which is where the three partners reside. Defendants have one retail outlet—it is located in Berkeley. Over 60% of defendants' sales are in the Berkeley area; 30% of defendants' gelato sales are in the Los Angeles area. All of defendants' employees work in Berkeley. Defendant does not employ or retain any salespeople in Southern California.

Jurisdiction is founded on diversity, violation of the Lanham Act, and unfair competition.

## II. ANALYSIS

Plaintiff urges that since defendants have more than a minimal amount of sales in this district, venue is proper in an unfair competition case. While plaintiff may produce witnesses showing that defendant engaged in acts of unfair competition in the Central District, plaintiff ignores the fact that any competitive effect would be felt NOT in the Central District, but in Italy, where plaintiff partnership has its sole business location.

Plaintiff partnership is located in Italy, not in California. Plaintiff would have the Court confuse the residence of Sergio Vivoli, the individual, with that of Gelateria Vivoli, the partnership on whose behalf this action is brought. While Sergio Vivoli may reside in the Central District, Gelateria Vivoli is located in Florence. Any weight normally given to plaintiff's choice of venue, and the attendant costs and convenience of the parties, is obviated when the true plaintiff has no contact with any particular district.

While plaintiff alleges that some acts of unfair competition and trademark infringement occurred in the Central District, it seems clear that the majority of those acts must have occurred in the Northern District, where all defendants and all of defendants' employees are located, and where defendants have all of their manufacturing facilities. It is far less convenient for defendants to defend an action in this district,

than it is for plaintiff to prosecute this action in the Northern District.

■ No substantial contact exists between this district and the parties or the transactions at issue. For the above reasons, this action should be transferred to the Northern District of California. *Leroy v. Great Western United Corp.*, 443 U.S. 173, 99 S.Ct. 2710, 61 L.Ed.2d 464 (1979); *Polaroid Corp. v. Casselman*, 213 F.Supp. 379 (S.D.N.Y.1962).

### III. CONCLUSION

The motion for change of venue shall be, and hereby is, GRANTED, and this action shall be transferred to the United States District Court for the Northern District of California.

IT IS SO ORDERED.