**POLAROID CORPORATION, Plaintiff,**

v.

**Robert C. CASSELMAN, Defendant.**

United States District Court
S. D. New York.

Dec. 28, 1962.

Silver, Saperstein & Barnett, New York City, for plaintiff (Julius Silver, David Saperstein and Isaac M. Barnett, New York City, of counsel).

Milbank, Tweed, Hope & Hadley, New York City, for defendant (Choate, Hall & Stewart, Boston, Mass., of counsel).

MacMAHON, District Judge.

Plaintiff moves for an order enjoining defendant from prosecuting an action for declaratory judgment now pending in the United States District Court for the District of Massachusetts (Boston). Defendant cross-moves under 28 U.S.C. § 1404(a) for an order transferring this suit from New York to Boston on the ground that such transfer will be for the convenience of the parties and witnesses and in the interest of justice. Concededly, both actions are brought under Sections 16(b) and 27 of the Securities Exchange Act of 1934 (15 U.S.C. §§ 78p(b) and 78aa) and involve the same parties and issues.

Plaintiff seeks to compel defendant, an officer of plaintiff, to account for

short-swing profits allegedly realized by him from purchases and sales of plaintiff's common stock within a period of less than six months. Defendant seeks a declaratory judgment in the Boston action as to his liability arising from the same transactions.

Prior to the institution of either action, defendant's Boston attorneys conferred with plaintiff's New York attorneys. There, as here, defendant denied liability taking the position that the transactions had been initiated in the mistaken belief that six months had elapsed, then cancelled, but completed by brokers without authority, and that in any event no profit had been realized. Plaintiff's attorneys, unimpressed, contended that defendant was, nonetheless, accountable to plaintiff. Quite unwary, defendant revealed his intention to bring a declaratory judgment action in Boston to resolve the question of his liability under Section 16(b). Accordingly, a complaint was prepared and a copy mailed to plaintiff's attorneys on October 9, 1962. Defendant's fidelity to his fiduciary duty of full disclosure was returned by plaintiff's race to this courthouse with its complaint on October 17, 1962, a half hour before defendant's action was filed in Boston. Despite plaintiff's rush, defendant was first in serving process in his Boston action.

■■ The sole basis for the injunctive relief sought by plaintiff is the fact that this action was commenced a half hour ahead of the one in Boston.[1] As a general rule, a federal district court which first obtains jurisdiction of the parties and issues will preserve its jurisdiction by enjoining proceedings involving the same parties and issues which were begun later in another district.

■ Analysis of the cases shows, however, that weight is given not to inconsequential priority in filing time but to substantial commitment to the cause, usually pre-trial involvement for many months, by the court first acquiring jurisdiction.[2] Obviously, a second suit in such circumstances would cause a wasteful duplication of effort and work havoc with the orderly administration of justice. A court of equity, therefore, invokes its ancient power to enjoin a multiplicity of suits.

Here, except for these motions, there is no commitment to this cause. Moreover, as defendant contends, plaintiff's slim priority is counterbalanced by the fact that jurisdiction over the parties was first obtained in the Boston action.

■ The problem of whether to enjoin another action involving the same parties and issues, however, cannot be solved by blind application of a mechanical "rule of thumb". Rather, its solution requires a balancing not of empty priorities but of equitable considerations genuinely relevant to the ends of justice. This comports with the policy of the federal courts, to fashion relief " * * * to secure the just, speedy, and inexpensive determination of every action." Rule 1, Federal Rules of Civil Procedure.

A law suit is not a game but a search for truth. The ends of justice are served, not by giving one side a vested right to exhaust the other, but by affording both an equal opportunity to a full and fair adjudication on the merits.

1. Rule 3, Federal Rules of Civil Procedure, provides: "A civil action is commenced by filing a complaint with the court."

2. Telephonics Corp. and Fabrionics Corp. v. Lindly & Co., 291 F.2d 445 (2 Cir., 1961) (seven months); National Equipment Rental, Ltd. v. Fowler, 287 F.2d 43 (2 Cir., 1961) (five months); Cresta Blanca Wine Co. v. Eastern Wine Corporation, 143 F.2d 1012 (2 Cir., 1944) (seven days); Martin v. Graybar Electric Company, 266 F.2d 202 (7 Cir., 1959) (six days); Chicago Pneumatic Tool Co. v. Hughes Tool Co., 180 F.2d 97 (10 Cir.), cert. denied 340 U.S. 816, 71 S.Ct. 46, 95 L.Ed. 600 (1950) (one year and nine months); Crosley Corporation v. Hazeltine Corporation, 122 F.2d 925 (3 Cir., 1941), cert. denied, 315 U.S. 813, 62 S.Ct. 798, 86 L.Ed. 1211, rehearing denied, 315 U.S. 831, 62 S.Ct. 913, 86 L.Ed. 1224 (1942) (seventeen days).

There can be no doubt, therefore, that in deciding whether or not to enjoin an action in another forum, a court of equity should prefer the forum which offers effective, convenient, inexpensive, and prompt relief to the one which portends the greater futility, inconvenience, waste, and delay. Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co., 342 U.S. 180, 183, 72 S.Ct. 219, 96 L.Ed. 200 (1952); Telechron, Inc. v. Parissi, 197 F.2d 757, 762 (2 Cir.1952), cert. denied, 348 U.S. 860, 75 S.Ct. 86, 99 L.Ed. 678 (1954); Hammett v. Warner Brothers Pictures, 176 F.2d 145, 150 (2 Cir., 1949).

The same criteria govern the decision of whether to transfer the cause under Section 1404(a).[3] As we shall soon show, a balance of the relevant factors strongly points to Boston as the more appropriate forum for this litigation. This brings us to the cross-motion for a change of venue.

No substantial contact exists between this district and the parties or the transactions at issue. Plaintiff is a Delaware corporation and, although it maintains a small sales office in New York, its principal place of business is in Cambridge, Massachusetts. Its principal officers and a majority of its directors live there. It is the defendant's home, and it is there that he acted in the transactions involved. The brokers handling the transactions also have their office there. Defendant's bank is there, and both his and Polaroid's records are there.

All of defendant's prospective witnesses reside in Massachusetts, and it seems likely that any for Polaroid also live and work there. Manifestly, such witnesses are not subject to the compulsory process of this court. But even if the witnesses are willing to travel to New York, the parties would be subjected to expense, the witnesses to inconvenience, and the trial, in all likelihood, to interruption and delay. All of this can be avoided by trial in Boston.

It is true, however, as plaintiff contends, that the proposed testimony of some of the witnesses defendant expects to call is immaterial insofar as it relates to defendant's claimed inadvertent error in selling stock of the plaintiff in the mistaken belief that he had held it more than six months and his asserted non-use of "insider" information. Magida v. Continental Can Company, 231 F.2d 843 (2 Cir.), cert. denied, 351 U.S. 972, 76 S.Ct. 1031, 100 L.Ed. 1490 (1956); Smolowe v. Delendo Corporation, 136 F.2d 231, 148 A.L.R. 300 (2 Cir.), cert. denied, 320 U.S. 751, 64 S.Ct. 56, 88 L.Ed. 446 (1943).

The remaining testimony of these witnesses, going to whether defendant's orders to his brokers were cancelled and his instructions disobeyed, whether the transactions constituted purchases and sales under the circumstances, and, if so, whether profits were realized, appears relevant. Plaintiff argues, however, that such testimony could be presented by deposition, or the same evidence introduced by documents. In view of the issues raised by defendant, however, this case cannot be determined by documents alone. Depositions, deadening and one-sided, are a poor substitute for live testimony especially where, as here, vital issues of fact may hinge on credibility. In determining credibility, there is nothing like the impact of live *dramatis personae* on the trier of the facts.[4] Thus,

3. Cressman v. United Air Lines, Inc., 158 F.Supp. 404 (S.D.N.Y.1958); Boggess v. Columbian Rope Company, 167 F.Supp. 854 (S.D.N.Y.1958); Keller-Dorian Colorfilm Corp. v. Eastman Kodak Co., 88 F. Supp. 863 (S.D.N.Y.1949). Cf., Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 507–508, 67 S.Ct. 839, 91 L.Ed. 1055 (1947); United States v. General Motors Corporation, 183 F.Supp. 858 (S.D.N.Y.1960); Welch v. Esso Shipping Co., 112 F.Supp. 611 (S. D.N.Y.1953); Moore, Federal Practice (2d Ed.) ¶ 0.145[5].

4. See Securities And Exchange Commission v. Glass Marine Industries, Inc., 208 F. Supp. 727, 729 (D.C.Del.1962).
"The facts elicited during depositions on discovery are brought out by two-edged questions propounded by a hostile attorney, while the witness has little defense against innuendo and misconstruction of his answers. True, the defendant's at-

the transfer which defendant seeks will not only serve the convenience of the witnesses but, more importantly, the ends of justice.

Except for the mechanical fact that the purchases and sales involved were effected on the New York Stock Exchange, all the underlying transactions occurred in Massachusetts and, as we have seen, the defendant resides and works there, and it is there that plaintiff has its principal place of business. Unquestionably, therefore, the action might have been brought there (15 U.S. C. § 78aa), as is required for transfer under Section 1404(a).[5]

█ In view of this all but complete lack of nexus with the forum, suit in this district can only be justified on the basis of the venue privilege given plaintiff by Sections 16(b) and 27 of the Securities Exchange Act of 1934. Normally plaintiff's choice of a technically proper venue is accorded some weight in the court's determination of the propriety of a transfer under 28 U.S.C. § 1404(a).[6] Judicial reluctance to disturb the plaintiff's choice, however, is a vestige of the harsh consequence of dismissal under the old doctrine of forum non conveniens. But an asserted right to choice of forum is, at best, a bootstrap argument under Section 1404(a) for if accorded decisive significance no action would ever be transferred. Thus, it is only one factor to be considered and is entitled to no weight whatever where it appears that the plaintiff was

forum shopping and that the selected forum has little or no connection with the parties or the subject matter.[7]

As we have shown, this forum has no real connection with this litigation. It was imported here for no reason other than forum shopping. This is clear from plaintiff's argument in its reply memorandum:

"We have demonstrated in our opposing affidavit that a change of venue of this action to the District of Massachusetts would not be in the interest of justice. Virtually all of the cases involving Section 16(b) of the Securities Exchange Act of 1934 have been brought and decided in this District, regardless of the remoteness of defendant's residence * * *.

* * * * * *

"The interpretation and effect of Section 16(b) have been the subject of thorough and painstaking study and analysis by this Court and the Court of Appeals for the Second Circuit in numerous cases.

" 'Familiarity with the law to be applied to the case' (Mutual Life Insurance Co. of New York v. Ginsberg (W.D.Pa.1954) 125 F.Supp. 920 at p. 923) is one of the important considerations in determining whether or not a change of venue should be granted under 28 U.S.C.A. § 1404(a)."

That argument would have validity were this a diversity case where the court

torney can also question the witness, but he is better advised if he reserves his questions until the trial, but even then he is in constant danger of contradiction. The facts which have been elicited on deposition for discovery reach the court colored by the attitude of the examining attorney, and without the judge's ever having seen the witness. The whole result is a lopsided presentation of the facts —part being presented by the straightforward testimony of witnesses under the observation and control of the judge, and the rest from behind the veil of typescript." Dike, "A Step Backward in the Federal Courts: Are We Returning to

Trial by Deposition?", 37 A.B.A.J. 17, 18 (1951).

5. Hoffman v. Blaski, 363 U.S. 335, 80 S.Ct. 1084, 4 L.Ed.2d 1254 (1960).

6. Ford Motor Co. v. Ryan, 182 F.2d 329 (2 Cir.), cert. denied, 340 U.S. 851, 71 S.Ct. 79, 95 L.Ed. 624 (1950).

7. H. L. Green Co., Inc. v. MacMahon (2 Cir., 1962), 312 F.2d 650; Clayton v. Warlick, 232 F.2d 699, 706 (4 Cir. 1956); Torres v. Walsh, 221 F.2d 319 (2 Cir.), cert. denied, 350 U.S. 836, 76 S.Ct. 72, 100 L.Ed. 746 (1955); Boggess v. Columbian Rope Company, supra; Cressman v. United Air Lines, Inc., supra.

would have to apply local law. Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938); H. L. Green Co., Inc. v. MacMahon, supra.

Surely, however, as our Court of Appeals recently noted, "[a] plaintiff may not resist the transfer of his action to another district court on the ground that the transferee court will or may interpret federal law in a manner less favorable to him * * *. 'We have no sympathy with shopping around for forums.' Clayton v. Warlick, 232 F.2d 699, 706 (4 Cir.1956); see Torres v. Walsh, 221 F.2d 319 (2 Cir.), cert. denied, 350 U.S. 836, 76 S.Ct. 72, 100 L.Ed. 746 (1955). The federal courts comprise a single system applying a single body of law, and no litigant has a right to have the interpretation of one federal court rather than that of another determine his case." H. L. Green Co. v. MacMahon, supra. Thus, plaintiff's stark forum shopping might, without more, warrant transfer, but there is no need to rest on it here.

Still more significant is the fact that if this suit is transferred to Massachusetts, there is good probability that it will be tried long before it could be reached in this congested district. The case there has already been assigned to one Judge for all purposes and is expected to be tried within the next three months. That would be far in advance of any trial date available here, and in view of the issues of fact, summary judgment would be most unlikely. Arnstein v. Porter, 154 F.2d 464 (2 Cir., 1946); Doehler Metal Furniture Co. v. United States, 149 F.2d 130 (2 Cir., 1945). Considerations of public policy suggest that a prompt adjudication is especially desirable in a case like this where a corporate officer of a publicly held corporation is charged with breach of a fiduciary duty imposed by a statute designed to protect public investors. Justice demands prompt vindication or exoneration of such charges.

Finally, defendant has retained Massachusetts counsel and incurred all the expense incident to filing his action for declaratory judgment. He verifies that his means are modest. It would clearly work a hardship to compel him to bear the additional expense of retaining New York counsel and the unavoidable inconvenience if the case is tried in New York. Surely defendant cannot match resources with the corporate plaintiff. Against such hardship and disparity of resources, plaintiff points to no disadvantage or prejudice if the action is transferred. Rather, it seems clear that plaintiff will be saved time, expense and inconvenience if the case is adjudicated at the site of its principal place of business.

A balance of the above considerations clearly indicates that this suit will go forward far more effectively, conveniently, inexpensively, and promptly if it is transferred to the United States District Court for Massachusetts where it belongs. Thus, the convenience of the parties and witnesses, as well as the ends of justice, will be better served by transfer than by retention.

Accordingly, plaintiff's motion to enjoin defendant's pending action in the United States District Court for the District of Massachusetts is denied, and defendant's cross-motion to transfer this action to that court is granted. Appropriate relief by way of consolidation can be sought by plaintiff upon the transfer.

Settle orders on notice within ten (10) days.