The FLINTKOTE COMPANY, Plaintiff,

v.

ALLIS–CHALMERS CORPORATION, Defendant.

The FLINTKOTE COMPANY, DIA-MOND–KOSMOS CEMENT DIVISION, Plaintiff,

v.

ALLIS–CHALMERS CORPORATION, Defendant.

Nos. 76 Civ. 3114(LFM), 76 Civ. 3115(LFM).

United States District Court, S. D. New York.

Jan. 26, 1977.

Davis Polk & Wardwell, New York City by S. Hazard Gillespie, Charles J. Moxley, Jr., William Howard Weigel, New York City, for defendant.

Alexander & Green, New York City by Edward E. Rigney, Robert E. DeRight, Jr. and Daniel J. O'Neill, New York City, for plaintiff.

MacMAHON, District Judge.

Defendant moves, pursuant to 28 U.S.C. § 1404(a), to transfer civil action No. 76 Civ. 3114 (the Glens Falls action) to the Northern District of New York, and civil action No. 76 Civ. 3115 (the Kosmos action) to the Western District of Kentucky, Louisville Division. Plaintiff opposes and cross-moves, pursuant to Rule 42(a), Fed.R.Civ.P., for consolidation of the actions.

The actions arise out of two separate contracts, each relating to a different dry process pre-heater cement plant which defendant agreed to design, manufacture and install, one located in Glens Falls, New York, the other in Kosmosdale, Kentucky (near Louisville). Each complaint alleges inadequate design and installation by defendant of certain pieces of equipment in breach of the applicable contract.

■ At the outset, we must determine whether these cases present common questions of law or fact, so that, in the interests of sound judicial administration, convenience and economy, consolidation and retention in this district would be proper. However, consolidation should not be ordered if it would prejudice defendant, for considerations of convenience and economy

must yield to the interests of justice in a fair and impartial trial.[1]

Plaintiff asserts that the cases should be consolidated because there are common questions of law in that the contracts contain many similar provisions and the complaints proceed upon common legal theories. We think, however, that consolidation is unlikely to effect any appreciable saving of time or expense.

■ While the contracts are similar in some ways, they are dissimilar in a number of important respects, reflecting the differences in the specifications and type of equipment defendant installed at each plant. In addition, it is questionable whether consolidation would lead to greater economy or increased convenience due to common questions of law, because Kentucky law may apply to the Kosmos action and New York law to the Glens Falls action.[2] Finally, the mere fact that two cases assert similar theories of recovery does not constitute a common question of law so as to warrant consolidation.[3]

Plaintiff also contends that there are common questions of fact, because the two plants use a common process and technology and the deficiencies at both plants were failures of conception and design, although these failures manifested themselves in different ways at each plant. We are concerned, however, not so much with the underlying technology as with the factual issues as framed by the complaint and subsequent proceedings.

■ A comparison of the complaints indicates that there is practically no overlap in the alleged defective equipment challenged in these actions. Therefore, if the cases were consolidated, the trial of each would be impeded by the introduction of voluminous irrelevant evidence as to the alleged deficiencies at the other plant. Furthermore, the possible prejudice to defendant due to the likelihood of confusion in the minds of the jurors because of this irrelevant evidence, the complexity of the equipment, and the similarity in the overall function of the plants far outweighs the benefit of any possible convenience or economy to be obtained from consolidation.[4] We, therefore, deny plaintiff's motion to consolidate.

■ Turning now to the motions to transfer, the applicable statute, 28 U.S.C. § 1404(a), provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The criteria relevant to the determination of a motion to transfer include the convenience of the parties, the convenience of the witnesses, ease of access to sources of proof, the interests of justice, and plaintiff's choice of forum.[5] The movant must make a clear showing that the balance of convenience and the interests of justice favor transfer.[6]

■ There is no question that these actions "might have been brought" in the proposed transferee districts since that is

1. See *Garber v. Randell,* 477 F.2d 711, 714 (2d Cir. 1973); *duPont v. Southern Pac. Co.,* 366 F.2d 193, 196 (5th Cir. 1966), *cert. denied,* 386 U.S. 958, 87 S.Ct. 1027, 18 L.Ed.2d 106 (1967); *Turner v. Transportacion Maritima Mexicana, S.A.,* 44 F.R.D. 412, 415 (E.D.Pa.1968).

2. See *Fox-Greenwald Sheet Metal Co. v. Markowitz Bros., Inc.,* 147 U.S.App.D.C. 14, 452 F.2d 1346, 1354–55 (1971); *Vector Co. v. Urban Systems Dev. Corp.,* 360 F.Supp. 864, 866 (E.D. Tenn.1972); Restatement (Second), Conflict of Laws § 196 (1971).

3. See *Walter E. Heller & Co. v. Tuscarora Cotton Mill,* 18 Fed.R.Serv.2d 861 (M.D.N.C.1974).

4. See *Holbert v. Aetna Life Ins. Co.,* 14 F.R.D. 148 (M.D.Pa.1953); 5 J. Moore, Federal Practice ¶ 42.02 at 42–17 (2d ed. 1976).

5. See *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 508–509, 67 S.Ct. 839, 91 L.Ed. 1055 (1947); *Scheinbart v. Certain-Teed Products Corp.,* 367 F.Supp. 707, 709 (S.D.N.Y.1973).

6. See *Allied Int'l Products, Ltd. v. Textron Indus., Inc.,* 382 F.Supp. 210, 212 (S.D.N.Y.1974); *Scheinbart v. Certain-Teed Products Corp., supra,* 367 F.Supp. at 707–708.

where the acts complained of took place and where the claims arose.[7]

■ Plaintiff's principal place of business is at Stamford, Connecticut, and that of defendant at West Allis, Wisconsin. Many of plaintiff's personnel knowledgeable about construction, installation and day-to-day operation of each plant are located near that plant. Therefore, although the transfer of these actions might not be markedly more convenient for defendant, it certainly would not prejudice plaintiff. Finally, although plaintiff lists a number of personnel of both parties who were allegedly involved with the construction or administration of both plants, there is no indication of what position they occupied or whether their testimony might be required. Under these circumstances, we are unable to conclude that these people would be inconvenienced by transfer of these cases.

The convenience of non-party witnesses favors transfer. Many of the sub-contractors who actually performed the work at each plant are located near that plant. In addition, it appears that other possible witnesses who were involved in the construction of the plants are scattered and thus not more conveniently located to New York City than to the proposed transferee districts.

Transfer would facilitate access to other sources of proof. The operating records of the Glens Falls plant are located at that plant, and the operating records of the Kosmos plant are located at that plant. These records are important because the substance of both actions is the alleged failure of equipment to perform to specifications. If documents relating to construction or design are unavailable at the plant concerned, it is relatively easy and inexpensive to duplicate and send them wherever needed.

If it becomes helpful for the jury to view the plant concerned, that can only be made possible by transfer. In addition, various governmental bodies, such as the Air Pollution Control District of Jefferson City, Kentucky, and their employees who may have information relevant to the Kosmos action, are located in the Louisville area. Finally, the Environmental Protection Agency personnel involved with the Kosmos plant are located in Atlanta, Georgia, and Louisville would be more convenient for them.

The interests of justice favor transfer. The plants were installed in the respective proposed transferee districts, and the alleged failures of performance took place at the plants.[8] Since it appears that the law of the places of performance may be applied, judges who are from those jurisdictions should hear these cases because they are more familiar with the applicable law.

■ In sum, there is an all but complete lack of nexus between this forum and the parties or transactions at issue, while substantial contacts exist between these actions and the proposed transferee districts.[9] As the Supreme Court said in *Gulf Oil Corp. v. Gilbert:*

"Jury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation. In cases which touch the affairs of many persons, there is reason for holding the trial in their view and reach rather than in remote parts of the country where they can learn of it by report only. There is a local interest in having localized controversies decided at home." [10]

■ Finally, although plaintiff's choice of forum is entitled to some weight, it is by no means dispositive or cases would never be transferred.[11] We think the balance of convenience and the interests of justice clearly favor transfer; plaintiff's choice of

7. See 28 U.S.C. § 1404(a); 28 U.S.C. § 1391(a).

8. See *Koehring Co. v. Hyde Construction Co.,* 324 F.2d 295, 296 (5th Cir. 1963).

9. See *Polaroid Corp. v. Casselman,* 213 F.Supp. 379, 382–83 (S.D.N.Y.1962).

10. 330 U.S. at 508–509, 67 S.Ct. at 843.

11. See *Polaroid Corp. v. Casselman, supra,* 213 F.Supp. at 383.

forum must yield to these other considerations.

Accordingly, plaintiff's motion to consolidate is denied; defendant's motion to transfer the Glens Falls action (76 Civ. 3114) to the Northern District of New York is granted; and defendant's motion to transfer the Kosmos action (76 Civ. 3115) to the Western District of Kentucky, Louisville Division, is granted.

So ordered.