**MATRA ET MANURHIN, d/b/a Matra Manurhin Defense; Manufacture De Machines Du Haut-Rhin: and Matra Manurhin International, Inc., Plaintiffs,**

v.

**INTERNATIONAL ARMAMENT CO., and Carl Walther Waffenfabrik, GMBH, Defendants.**

**No. 85 Civ. 3589 (JES).**

United States District Court, S.D. New York.

Feb. 27, 1986.

Klein & Vibber, New York City (Arthur O. Klein, of counsel), for plaintiffs.

Crowell & Moring, Washington, D.C., Law Offices of Ridley M. Whitaker, New York City (Peter B. Work, Clifton S. Elgarten, Washington, D.C., Gary P. Shaffer, New York City, of counsel), for defendants.

SPRIZZO, District Judge:

## BACKGROUND

Plaintiffs Matra et Manurhin, a French partnership, Manufacture de Machines du Haut-Rhin, a French corporation, and Matra Manurhin International, Inc., a wholly-owned Deleware subsidiary of the French Corporation (collectively referred to as "Manurhin") bring this action for unfair competition and breach of contract against the defendants International Armament Co., ("Interarms"), a Deleware corporation with its principal place of business in Alexandria, Virginia, and Carl Walther Waffenfabrik, GMBH ("Carl Walther"), a German Corporation. Plaintiffs allege in their complaint that, pursuant to a licensing agreement between Carl Walther and Manurhin, Manurhin had the right to manufacture pistols bearing the tradename or trademark "Walther" and to distribute those pistols anywhere in the world except for Germany. *See* Complaint at § 11. The graveman of plaintiffs' complaint is that Carl Walther wrongfully assigned U.S. trademark registrations of the mark "Walther" to Interarms, and that Interarms wrongfully induced this assignment, with the result that the United States Customs Service barred

Manurhin from importing pistols bearing the "Walther" mark. *See* Complaint at §§ 12–20.

The complaint also alleges *inter alia* that the defendants made fraudulent statements to the Patent and Trademark office in obtaining the trademark registrations, *see* Complaint at §§ 30–39, and that the defendants are misleading the public by advertising their pistols as made by Carl Walther in Germany when in fact they are made by Manurhin in France. *See* Complaint at §§ 51–56. Plaintiffs seek both permanent and preliminary injunctions, the cancellation of the U.S. trademark registrations owned either by Interarms or Carl Walther, and damages.

 Defendants move to dismiss the action for lack of personal jurisdiction and for improper venue. In the alternative, defendant's move to transfer this case to the Eastern District of Virginia, Alexandria Division, pursuant to 28 U.S.C. 1404(a) (1982).[1] Defendant Interarms has also counterclaimed alleging *inter alia* that Manurhin is infringing Interarm's trade-

marks in the "Walther" mark. For the reasons which follow, the Court grants defendants' motion to transfer and therefore need not decide defendants' motions to dismiss based on lack of personal jurisdiction or improper venue.[2]

## ANALYSIS

In support of their motion to transfer venue to the Eastern District of Virginia, defendants point to a variety of contacts with Virginia including the following: neither party has an office in New York while Interarms' offices are located in Alexandria, Virginia, the American witnesses all live and work in Virginia, and all of Interarms' documents and sample pistols are in Virginia. Moreover, a suit involving the very same trademark is already pending in the Eastern District of Virginia with Interarms as plaintiff, Matra Manurhin International, Inc. as the defendant, and Carl Walther as the third-party defendant. Discovery is already completed in that action and a trial date has been set for March 10, 1986.[3]

1. Defendant Carl Walther has also moved separately to dismiss on the grounds that Manurhin's claim for breach of contract, assuming *in arguendo* that the contract is still in force, is subject to a European arbitration clause which the Court must enforce. Walther insists that the Court rule on this motion prior to transferring this action to prevent the possibility "that two courts, rather than just one, will have been forced to address the issue." *See* Memorandum in Support of Carl Walther Waffenfabrik's Motion to Dismiss at 18. The question is not however whether one or two courts will have to rule on this issue, but rather which court should rule on the issue. Since this Court concludes that the action should be transferred to the Eastern District of Virginia, the interests of judicial economy clearly require that all issues in the action be litigated before the transferee court.

2. Although defendants have moved to dismiss for lack of personal jurisdiction and for improper venue, it is clear that the Court has "power to transfer the case even if there is no personal jurisdiction over the defendants and whether or not venue is proper in this district." *See Volk Corp. v. Art-Pak Clip Art Serv.*, 432 F.Supp. 1179, 1181 (S.D.N.Y.1977); *see also, Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 465, 82 S.Ct. 913, 915, 8 L.Ed.2d 39 (1962); *Corke v. Sameiet M.S. Song of Norway*, 572 F.2d 77, 79 (2d Cir.1978). The Court has power to transfer pursuant to 28

U.S.C. § 1404(a) if venue is proper and pursuant to 28 U.S. § 1406(a) if venue is improper, regardless of whether there is personal jurisdiction over the defendants. *See Troyer v. Karcagi*, 488 F.Supp. 1200, 1206–07 (S.D.N.Y.1980). Moreover, it is clear that if the action is properly transferable pursuant to § 1404(a), assuming venue is proper in this district, then *a fortiori* the action will also be properly transferable pursuant to § 1406(a), assuming venue in this district is improper. *See Volk Corp., supra*, 432 F.Supp. at 1179, 1182. For the purposes of this motion to transfer therefore, the Court will assume venue is proper in this district and proceed under § 1404(a). *Cf.*, 15 C. WRIGHT, A. MILLER & E. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3827, at 265–266 (2d ed. 1986) ("The end result is the same, and very few litigants will care whether the court purports to proceed under § 1404(a) or § 1406(a) in transferring to a district where service can be made.").

3. By letter dated February 18, 1986 to the Court, defendants' attorney asserts that the United States District Court for the Eastern District of Virginia ruled from the bench on February 14, 1986 granting Carl Walther's motion to dismiss and granting summary judgment for Interarms on the liability and infringement issues. A copy of the Virginia Courts' summary written order

Plaintiffs on the other hand stress that this is essentially a European dispute with no relationship to Virginia except that defendant Interarms' office happens to be there. According to plaintiffs, most of the parties are from Europe, almost all of the witnesses will be from Europe, and the disputed contracts were all signed in Europe. Thus plaintiffs argue that New York is no less convenient than Virginia and that therefore plaintiffs choice of forum should be respected. Plaintiffs also argue that this action should not be transferred because substantially more of defendants' guns with the disputed Walther mark are sold and advertised in New York than in Virginia.

■ In considering a motion to transfer venue, the Court must consider a variety of factors including the convenience of the parties, the convenience of material witnesses, the availability of process to compel the presence of unwilling witnesses, the relative ease of access to sources of proof, the place where the material events occurred, plaintiff's choice of forum, and the interests of justice. *See Teachers Ins. & Annuity Ass'n of America v. Butler*, 592 F.Supp. 1097, 1105 (S.D.N.Y.1984); *Leif Hoegh & Co. v. Alpha Motor Ways, Inc.*, 534 F.Supp. 624, 626 (S.D.N.Y.1982). The defendants have the burden of clearly demonstrating that the balance of these factors tips in favor of transfer. *See Troyer v. Karcagi*, 488 F.Supp. 1200, 1207 (S.D.N.Y.1980). Upon consideration of all the facts and circumstances, the Court finds that the defendants have sustained their burden of demonstrating that this action should be transferred to the Eastern District of Virginia.[4]

■ The convenience of the parties suggests that a transfer of this action to the Eastern District of Virginia would be appropriate. A Virginia forum will be considerably more convenient for the defendant Interarms because their office and all of their documents and sample products relevant to this action are located in Alexandria. The rest of the parties except for Matra Manurhin International ("MMI") are all located in Europe and therefore the convenience of these parties is at best a neutral factor. As to the plaintiff MMI, their principal offices are located in Ft. Lauderdale, Florida, a circumstance that does not support a finding that plaintiffs' convenience justifies retaining venue in this district.[5] On balance, therefore, it appears that the convenience of the parties tips in favor of a transfer insofar as the convenience of one party at least will be served by a transfer while the other parties will not be inconvenienced if the motion to transfer is granted. *See Wibau, Westdeutsche Industrie Und Strassenbaumachinengesellschaft v. American Hoist & Derrick Company*, 293 F.Supp. 273 (S.D.N.Y.1968).

■ The convenience of witnesses also favors a transfer of this action. On the present record, it appears that all of the material non-expert American witnesses will be from Virginia.[6] At oral argument

which *inter alia* granted these motions was attached to the letter. According to the defendants' letter, Carl Walther's motion to dismiss, which the Court granted, parallels Carl Walther's pending motion to dismiss in this case. *See supra* footnote 1.

**4.** Both § 1404(a) and 1406(a) provide that the Court may only transfer an action to a "district or division where [the action] might have been brought." There is no dispute that this action might properly have been brought in the Eastern District of Virginia.

**5.** It appears that the only real convenience to plaintiffs in having this action litigated in New York is that plaintiffs' counsel is located here. The Court notes that mere inconvenience to

counsel is not an appropriate factor to consider on a motion to transfer venue. *See Vaughn v. American Basketball Ass'n*, 419 F.Supp. 1274, 1277 (S.D.N.Y.1976). Since a transfer will increase the convenience to one defendant without appreciably increasing the inconvenience to plaintiffs, this is not, as plaintiffs claim, a case where a transfer would simply shift the burden of inconvenience from one party to the other.

**6.** It is not clear however on the present record precisely how many material witnesses from Virginia there will be. Defendants have submitted to this Court Matra Manurhin International's and Interarms' designation of trial witnesses which are to be used in the action pending in Virginia. *See* Defendants' Reply to Plain-

on January 10, 1986, plaintiff's counsel could only specify two witnesses who were even in the vicinity of New York—two expert witnesses from New Jersey. *See* Transcript ("Tr.") at 15–16. The Court notes that the location of expert witnesses is entitled to little or no weight in deciding a transfer motion. *See McCrystal v. Barnwell County, South Carolina,* 422 F.Supp. 219, 224 (S.D.N.Y.1976). As for the remaining witnesses from Europe, whom plaintiffs claim will comprise the bulk of the material witnesses in this action, they are in the same position as the European parties and will not be more or less inconvenienced whether the action is litigated in New York or Virginia.

■ Moreover, the interest of justice in seeing that this action is resolved promptly suggests that defendants' motion for transfer should be granted. The action pending in the Eastern District of Virginia, involving the same Walther trademark and substantially the same litigants,[7] is already set for trial on March 10, 1986 and it appears that the Virginia Court has already ruled on dispositive motions in that action. *See supra* footnote 3. A trial date in this district on the other hand, given this district's congested docket, would be at least six months away. This being the case, there simply is no just reason for maintaining a parallel action in this district. The parties' interest in an expeditious resolution of the action is certainly a proper although not dispositive factor for the Court to consider. *See A. Olinick & Sons v. Dempster Brothers, Inc.,* 365 F.2d 439, 445 (2d Cir.1966); *McCrystal v. Barnwell County, Southern Carolina,* 422 F.Supp. 219, 225 (S.D.N.Y. 1976). Indeed, plaintiffs have emphasized the particular importance of a prompt ruling in this case by filing a motion for a preliminary injunction seeking *inter alia* an order barring Interarms from advertising Interarms' pistols as being the only genuine "Walther" pistols.

■ Finally, the Court notes that while plaintiffs' choice of forum is ordinarily entitled to considerable weight, where, as here, the transactions underlying the cause of action have no material connection to the chosen forum, plaintiffs' choice of forum becomes less relevant to a transfer motion. *See Foster v. Litton Industries, Inc.,* 431 F.Supp. 86, 87 (S.D.N.Y.1977). All of the material transactions in this case occurred either in Europe or in Virginia.[8] None occurred in New York. The only connection plaintiffs claim this action has with this forum is that substantially more of defendants' goods with the disputed Walther marks are sold in New York than in Virginia. Defendants goods are sold, however, in many states and this consideration does not override the other factors favoring transfer.

---

tiffs' Opposition to the Motion to Transfer and to Dismiss ("Defendants Reply") Exhibits A & B. Presumably, the same individuals designated as witnesses in the Virginia action will be material witnesses in this action as well. However, it is not clear from the witness lists themselves how many of those witnesses reside in Virginia. In their memorandum of law, defendants claim that *"[a]ll* of Interarms' witnesses live and work in Virginia," *see* Defendant International Armament Corporation's Motion to Dismiss or to Transfer at 17 (emphasis in original) and that Manurhin's witness list includes six Virginia witnesses. *See* Defendants Reply Memorandum, *supra* at 1 fn. 1. In their memorandum, however, plaintiffs claim that only one of the eleven witnesses designated by Interarms in the Virginia action is a "resident of Virginia." *See* Plaintiffs' Supplemental Memorandum In Opposition to Defendants' Motion to Dismiss or Transfer, at 25. Furthermore, plaintiffs' claim that there are only five witnesses from Virginia on their designation of witness list, four of whom are expressly listed as contingency witnesses and the other witness, Mr. Frederick Murrill, is a former employee of Manurhin and is willing to come to New York. At oral argument, defendants counsel, evidently agreeing with plaintiffs' memorandum, claimed that there will be six Virginian witnesses, one former employee of Manurhin and five Interarms employees. Tr. *supra* at 32.

7. The French plaintiffs, Matra et Manurhin and Manufacture de Machines du Haut-Rhin, are not parties in the action pending in the Eastern District of Virginia.

8. Thus the alleged fraudulent statements made to the Patent and Trademark Office all occurred in Virginia and the licensing agreements in dispute were signed in Europe, although defendants claim that negotiations for the contracts occurred in part in Alexandria.

Since a transfer will greatly increase the convenience to at least one party and some of the material witnesses, without adding to the inconvenience of the other parties or witnesses, and because a transfer will be in the interests of justice by resulting in a quicker resolution of the issues presented in this action, it is

ORDERED that defendants' motion to transfer this action to the Eastern District of Virginia, Alexandria division, be and hereby is granted.

It is SO ORDERED.