SHEET METAL WORKERS' NATIONAL PENSION FUND, et al.,
Plaintiffs,

v.

Edward GALLAGHER, Trustee, et al., Defendants.

No. 86 Civ. 8102 (DNE).

United States District Court,
S.D. New York.

Sept. 17, 1987.

---

839 (1984); N.Y.U.C.C. § 2–204(3) (McKinney 1964).

7. *See Atlanta Shipping Corp. v. Chemical Bank,* 818 F.2d 240, 251–52 (2d Cir.1987).

Layne Carlough McCarthy, Huntington, N.Y. (Edgar N. James, of counsel), for plaintiffs.

Gibney, Anthony & Flaherty, New York City (Stephen F. Ruffino, John A. Craner, of counsel), for defendants.

## OPINION AND ORDER

EDELSTEIN, District Judge:

Plaintiffs instituted this action in the Southern District of New York basing jurisdiction on 28 U.S.C. §§ 1331 and 1337 (1982), 29 U.S.C. § 1132 (1982), and 29 U.S.C. §§ 185 and 186 (1982). The Complaint alleges causes of action arising under the Employee Retirement and Income Security Act of 1974, 29 U.S.C. §§ 1104, 1415 (1982) ("ERISA"), and the Labor-Management Relations Act, 29 U.S.C. § 186 (1982) ("LMRA"), as well as common law claims of breach of fiduciary duty.

Defendants move to dismiss the complaint under 28 U.S.C. § 1406(a) (1982) because of lack of personal jurisdiction, lack of subject matter jurisdiction and improper venue. In the alternative, defendants seek a transfer of venue to the District of New Jersey. Defendants' motion to dismiss is denied and their motion to transfer is granted.

## BACKGROUND

This action concerns a dispute between competing unions over the control of a pension fund. The Sheet Metal Workers Local Union 22 of New Jersey Pension Fund ("Fund") administers retirement benefits for the members of the Sheet Metal Workers International Association Local 22 ("SMWIA Local 22"). In November, 1981, SMWIA Local 22 was dissolved. Part of its membership transferred to Sheet Metal International Association Local 27 ("SWMIA Local 27") and Sheet Metal International Association Local 28 ("SMWIA Local 28") while the remainder, including the officers of SWMIA Local 22, who also serve as trustees of the Fund, formed the Independent Union Local 22 ("Independent Local 22"). The trustees maintained control of the Fund and amended its rules to stipulate that the members of the new Independent Local 22 would elect future trustees.

Plaintiffs seek to bring this action as a class action pursuant to Federal Rule of Civil Procedure 23. Named plaintiffs, the National Pension Fund of the SMWIA and certain individual members, have filed this action seeking to gain control of the Fund. Plaintiffs claim that the individual defendants, the six trustees of the Fund, breached their fiduciary duty as trustees in violation of ERISA, 29 U.S.C. §§ 1104, 1415 (1982) and LMRA, 29 U.S.C. § 186 (1982), by amending the Local 22 Pension Fund Agreement and Declaration of Trust ("Agreement") to stipulate that new Independent Local 22 would elect future trustees of the Fund, thereby causing themselves to remain in power as trustees. The Complaint alleges that the defendant trustees of the Fund lacked authority to amend the Agreement. Plaintiffs further claim

that by amending the Agreement, the individual defendants violated election rights of those SMWIA Local 22 members who joined SMWIA Local 27 and SMWIA Local 28.

In this action plaintiffs seek an order replacing the Fund's trustees with trustees elected by the members of SMWIA Local 27 and SMWIA Local 28. Plaintiffs also seek to have a portion of the Fund, the monies attributible to members of the old SMWIA Local 22 who are currently members of SMWIA Local 27 and SMWIA Local 28, transferred to the SMWIA National Pension Fund.[1]

Defendants move to dismiss this action under 28 U.S.C. § 1406(a), or in the alternative to transfer this action to the District of New Jersey. Defendants claim that the court does not have jurisdiction over the action or over the defendants, and further allege that venue is not proper in this district.

In support of their motion, defendants allege "no one [named in the complaint] is directly or indirectly associated with New York," (Defendants' Memorandum at 10), arguing that all the defendants, the six trustees of the fund and the fund itself, as well as all the named plaintiffs, are listed in the Complaint as having addresses either in New Jersey or in Virginia. Further, defendants further allege that Independent Local 22 and the SMWIA Local 22 Pension Fund do not carry on any part of their activities in New York.

Plaintiffs, in response, allege that defendants "appear to have engaged in a sufficient course of conduct in the State of New York" to provide "minimum contacts" with New York. Specifically, plaintiffs allege that members of the plaintiff class reside within the State of New York,[2] and that the actuarial work of the Fund is performed by an a company located in New York. In addition, plaintiffs allege that SMWIA Local 28, which represents most of the individual plaintiffs, has its principal place of business in New York.[3]

## DISCUSSION

■ As a preliminary matter, the court must determine which of plaintiffs' pleadings it will consider in this proceeding. Plaintiffs filed their Complaint on October 22, 1986. Service was not effectuated upon any defendants until Independent Local 22 and Albert O'Neill were served on January 20, 1987. The last defendants to be served were finally served on March 11, 1987.[4] Defendants filed their motion to dismiss plaintiffs' Complaint on February 25, 1987.[5] Plaintiffs filed their opposition to defendants' motion on February 27, 1987. Along with their response, plaintiffs also filed an Amended Complaint on February 27, 1987. Plaintiffs never requested the court's permission to amend the Complaint. Rule

---

1. Plaintiffs' Amended Complaint, filed on February 27, 1987, differs in three respects from plaintiffs' original Complaint. First, SMWIA Local 27 and SMWIA Local 28 are added as plaintiffs. Second, in the Amended Complaint plaintiffs add a request that this court issue a declaratory judgment declaring that the union trustees' amendment of the Agreement to provide that the new Independent Local 22 would thereafter elect the trustees of the Fund was unlawful and that SMWIA Local 27 and SMWIA Local 28 have the authority to remove the existing union trustees and to elect their replacements. Third, the Amended Complaint replaces defendant trustee Albert O'Neill with trustee Cornelius P. Sharkey, Jr.

2. This bare allegation is ineffective.

3. In opposing defendants' motion, plaintiffs' stress the fact that SMWIA Local 28 maintains its principal place of business in New York. SMWIA Local 28, however, was not named in the Complaint filed October 22, 1986. As a result, this court need not consider the location of SMWIA Local 28 in its consideration of defendants' motion. *See infra.*

4. Service upon defendants Harry Harris and Cornelius P. Sharkey, Jr. was made on March 11, 1987. Since this was over 120 from the date of commencement of the action the court may dismiss the complaint as to those two defendants *sua sponte.* However, in view of the court's disposition of the instant motion, the court declines to do so.

5. A copy of defendants' motion to dismiss or transfer was received in chambers on February 18, 1987. Defendants, however, did not file the original Notice of Motion with the clerk of the court until February 25, 1987.

15(a) of the Federal Rule of Civil Procedure allows that:

> A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served.... Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party....

As of February 27, 1987, the date plaintiffs filed their Amended Complaint, a responsive pleading had already been filed and served by defendants. As a result, Rule 15(a) required plaintiffs to acquire leave of court or the written consent of defendants in order to amend the Complaint. Because such leave was never sought nor obtained by plaintiffs, and because no evidence of defendants' written consent was ever presented to the court, the court hereby orders that plaintiffs' Amended Complaint filed on February 27, 1987, be stricken from the court docket and removed from the file of this case. Therefore, this court is obliged to only consider the original Complaint in conjunction with the instant motion. Nevertheless, the court will remain mindful of those attempted amendments relevant to defendants' motion.

■ Because the Complaint alleges claims under ERISA and the LMRA this action arises under federal statute and therefore the court maintains subject matter jurisdiction to entertain the action. 28 U.S.C. § 1331 (1982). Whether there is personal jurisdiction over the defendants, and whether venue is proper in this district, raise substantial questions. However, the court need not resolve them, since it is clear that the court has "power to transfer the case even if there is no personal jurisdiction over the defendants and whether or not venue is proper in this district." *Volk Corp. v. Art-Pak Clip Art Serv.*, 432 F.Supp. 1179, 1181 (S.D.N.Y.1977); *see also, Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466–67, 82 S.Ct. 913, 915–16, 8 L.Ed.2d 39 (1962); *Corke v. Sameiet M.S. Song of Norway*, 572 F.2d 77, 79 (2d Cir.1978); *Matra et Manurhin v. International Armament Co.*, 628 F.Supp. 1532, 1534 n. 2 (S.D.N.Y.1986). Regardless of whether there is personal jurisdiction over the defendants, the court has power to transfer pursuant to 28 U.S.C. § 1404(a)[6] if venue is proper and pursuant to 28 U.S.C. § 1406(a)[7] if venue is improper. *See Matra et Manurhin*, 628 F.Supp. at 1534 n. 2; *Troyer v. Karcagi*, 488 F.Supp. 1200, 1206–07 (S.D.N.Y.1980). Moreover, it is clear that if the action is properly transferable pursuant to § 1404(a), assuming venue is proper in this district, then *a fortiori* the action will also be properly transferable pursuant to § 1406(a), assuming venue in this district is improper. *See Volk Corp.*, 432 F.Supp. at 1179, 1182; *Matra et Manurhin*, 628 F.Supp. at 1534 n. 2. Applying the relevant standards, *see Heyco, Inc. v. Heyman*, 636 F.Supp. 1545 (S.D.N.Y.1986); *Volk Corp.*, 432 F.Supp. 1179, the court has determined that this action should be transferred to the District of New Jersey.

■ Were the court to find venue proper in this district, the determination of whether an action should be transferred pursuant to 28 U.S.C. § 1404(a) depends upon a balancing of many factors. *See Heyco, Inc.*, 636 F.Supp. 1545. Similarly, even if the court has neither personal jurisdiction over defendants nor venue over the action, the court can transfer the action if such transfer is in the interest of justice. *See* 28 U.S.C. § 1406(a); *Volk Corp.*, 432 F.Supp. at 1181.

■ The decision of whether or not to grant a motion to transfer lies within the discretion of the court. *Heyco, Inc.*, 636 F.Supp. 1545; *Kirshner v. Mlotok*, No. 84 Civ. 6833, slip op. (S.D.N.Y. April 24, 1985) [Available on WESTLAW, DCT database].

---

**6.** 28 U.S.C. § 1404(a) provides:
(a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

**7.** 28 U.S.C. § 1406(a) provides:

(a) The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

Factors to aid the court in exercising its discretion include not only convenience to the parties and witnesses but also the "relative ease of access to proof, availability of witnesses ... and 'all other practical problems which make trial of a case easy, expeditious, and inexpensive.'" *Heyco, Inc.*, 636 F.Supp. at 1548 (quoting *Hall v. E.I. DuPont De Nemours & Co.*, 345 F.Supp. 353, 385 (E.D.N.Y.1972) (quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947))); *see Volk Corp.*, 432 F.Supp. 1179; *Transnational Industries, Inc. v. Wechsler*, Nos. 86 Civ. 2033 and 86 Civ. 2032, slip op. (S.D.N.Y. June 20, 1986) [Available on WESTLAW, DCT database]. Further, because there is "a local interest in having localized controversies decided at home," *Heyco, Inc.*, 636 F.Supp. at 1548–49 (quoting *Gulf Oil*, 330 U.S. at 509, 67 S.Ct. at 843), plaintiffs' choice of forum is not dispositive. *Flintkote Co. v. Allis-Chalmers Corp.*, 73 F.R.D. 463, 466 (S.D.N.Y.1977). The party seeking the transfer bears the burden of establishing that the transfer is warranted, and that the balance of convenience weighs clearly in its favor. *See Heyco, Inc.*, 636 F.Supp. at 1549.

A factor for the court to consider in determining whether to transfer an action is the residence of the parties. *Id.* at 1550. The Complaint names twenty-seven individual plaintiffs, none of whom are alleged in plaintiffs' own Complaint to reside in New York.[8] In fact, twenty-three of those named are listed in the Complaint as residents of New Jersey while the other four named individual plaintiffs are alleged by plaintiffs to be residents of the Commonwealth of Virginia. Plaintiffs' Complaint named only the SMWIA National Pension Fund as plaintiff in addition to the individual class members.[9] The SMWIA National Pension Fund is administered and has its principal place of business in Virginia. The defendant Fund has its principal place of business in New Jersey. The Complaint lists as individual defendants the six trustees of the Fund with New Jersey addresses.[10]

Because the record indicates that all plaintiffs named in the Complaint either reside or maintain a principal place of business in either New Jersey or Virginia, plaintiffs do not and cannot argue that New York is a more convenient forum than New Jersey. *See Pesin v. Goldman, Sachs & Co.*, 397 F.Supp. 392, 394 (S.D.N.Y.1975) ("[a]lthough a plaintiff's choice of forum is entitled to substantial weight, that weight may be diminished where, as here, suit is brought outside plaintiff's home forum"). The court finds these facts sufficient to merit a transfer of this action to New Jersey federal court. Further, even were the court to consider the addition of SMWIA Local 27 and SMWIA Local 28 to the Amended Complaint, the court would still find upon those facts that the geographical stature of the parties compel transfer of the action to New Jersey.

■ The situs of the operative facts is an important factor in deciding motions to transfer under sections 1404(a) and 1406(a). *See Heyco, Inc.*, 636 F.Supp. at 1549; *Volk Corp.*, 432 F.Supp. 1181–82. Where a c

**8.** The Amended Complaint names the same twenty-seven individual plaintiffs named in the Complaint, listing a New Jersey or Virginia residence for each. Nevertheless, plaintiffs' allege in their February 27, 1987, memorandum in opposition to defendants' motion that "class members reside within the state of New York." Plaintiffs' provide no support for this assertion. In fact, it is contradicted by the very allegations of plaintiffs' Complaint and Amended Complaint which list twenty-seven individual plaintiffs and allege residence of New Jersey or Virginia for each. As a result, for the instant motion, the court cannot accept plaintiffs' unsupported and contradicted assertion that individual plaintiffs reside in New York.

**9.** On February 27, 1987, apparently in response to defendants' motion, plaintiffs attempted to amend their Complaint in violation of Fed.R. Civ.P. 15(a), *see supra*, adding SMWIA Local 27 and SMWIA Local 28 as plaintiffs. SMWIA Local 27 has its general office and principal place of business in New Jersey. SMWIA Local 28, however, has its general office and principal place of business in New York.

**10.** The Amended Complaint also lists six trustees as defendants but replaces Albert O'Neil with Cornelius P. Sharkey, Jr.

leged wrongdoing in the proposed transferee district, transfer is appropriate. *Silverman v. Wellington Management Co.*, 298 F.Supp. 877, 880–81 (S.D.N.Y.1969); *Kieffer v. E.F. Hutton & Co.*, No. 83 Civ. 6802, slip op. (S.D.N.Y. April 19, 1984) [Available on WESTLAW, DCT database]. Transfer is not precluded where the operative facts have some connection to the initial forum if the transferee district has a stronger connection with the operative facts raised in the pleadings. *Fogel v. Wolfgang*, 48 F.R.D. 286, 291 (S.D.N.Y. 1969).

In this action, all of the operative events, in particular, the dissolution of SMWIA Local 22, the formation of Independent Local 22, and the amendment of the Agreement to provide that the trustees of Independent Local 22 would continue to serve as trustees of the Fund appear to have occurred in New Jersey. The Fund itself is situated in New Jersey. Further, contributions to the Fund, and any disbursements that may have been made, appear to have been made in either New Jersey or Virginia. In fact, if plaintiffs are successful in this action, monies and control of the Fund will be transferred from the Fund in New Jersey to the SWMIA National Pension Fund located in Virginia. No act related to this litigation is alleged to have occurred in New York. Hence, New Jersey overwhelmingly appears to be the situs of operative facts, a circumstance favoring defendants' motion.

Another factor is the location of relevant witnesses and documents. *See Heyco, Inc.*, 636 F.Supp. at 1549–50. Plaintiffs' only mention of New York in regard to witnesses or documents is that the actuarial work of the Fund is performed by a New York company. Plaintiffs, however, fail to describe what work is done by this company and further, whether such work is relevant to the issues raised by this action. Plaintiffs have not even made a bare showing that any act related to this litigation occurred in New York. Thus, the court concludes witnesses and documents relevant to this action can be found in New Jersey and, to a lesser extent, Virginia.

Also to be considered is which state's law is to govern the litigation. *See, e.g., Heyco, Inc.*, 636 F.Supp. at 1550–51; *Copulsky v. Boruchow*, 545 F.Supp. 126, 128–29 (E.D.N.Y.1982). There are sufficiently significant contacts with New Jersey to apply its substantive law. None of the unions, none of the funds, and none of the named plaintiffs are situated in New Jersey. Any fiduciary duty arose in New Jersey, was owed to New Jersey residents, and was allegedly breached by New Jersey residents. Submissions to this court evidence that the operative facts occurred primarily in New Jersey. Thus, New Jersey has the greatest interest in this litigation. *See Babcock v. Jackson*, 12 N.Y.2d 473, 481–82, 191 N.E.2d 279, 283–84, 240 N.Y.S.2d 743, 749–50 (1963) (interest analysis); *Auten v. Auten*, 308 N.Y. 155, 160, 124 N.E.2d 99, 101–02 (1954) (center-of-gravity analysis). A New Jersey federal court is more familiar with New Jersey state law than is a New York federal court. Therefore, the applicability of New Jersey law also supports transfer.

Plaintiffs' choice of forum is without a predicate. In general a plaintiff's choice of forum is entitled to considerable weight. That choice is accorded less weight when, as in the instant case, " '[t]he operative facts of [the] case have no material connection with this district.' " *Heyco, Inc.*, 636 F.Supp. at 1551 (quoting *Mobile Video Services, Ltd v. National Association of Broadcast Employees and Technicians*, 574 F.Supp. 668, 671 (S.D.N.Y.1983) (quoting *Credit Alliance Corp. v. Nationwide Mutual Insurance, Co.*, 433 F.Supp. 688, 689 (S.D.N.Y.1977))).

In sum, the court finds that the relevant factors tip decidedly in favor of litigating this action in New Jersey rather than in New York: New Jersey clearly appears to be the situs of operative fact; the documents and witnesses relevant to this action can be found in New Jersey; twenty-three of twenty-seven named individual plaintiffs are New Jersey residents while the remaining four reside in Virginia; plaintiff SMWIA National Pension Fund maintains its principal place of business in Virginia; and there are sufficiently significant contacts with New Jersey to apply its

substantive law.[11] In short, the balance of convenience in this litigation tips decidedly towards New Jersey, and the convenience of parties and witnesses and the interest of justice would be served by a transfer to New Jersey even if *in personam* jurisdiction and venue exist in New York. Further, if *in personam* jurisdiction or venue are not proper here, a transfer is appropriate, since justice would not be served by dismissing the Complaint. Defendants' motion to dismiss the complaint is denied, defendants' motion to transfer the action the District of New Jersey is granted, and defendants' application for attorneys' fees pursuant to Fed.R.Civ.P. 11 is denied.

## CONCLUSION

Plaintiffs' Amended Complaint filed on February 27, 1987, is hereby ordered stricken from the docket of this case and is to be removed from the file. Defendants' motion to dismiss the Complaint for lack of personal jurisdiction, lack of subject matter jurisdiction, and for improper venue is denied. Defendants' motion to transfer this action to the United States District Court for the District of New Jersey is granted.

SO ORDERED.

---

**11.** The only relevant changes made by the Amended Complaint is the addition of SMWIA Local 27 and SMWIA Local 28 as plaintiff. The addition of those two unions as parties would not alter any of the conclusions reached by the court in this opinion nor its final determination.