**BOYS CLUBS OF AMERICA, Plaintiff,**

v.

**GOODYEAR TIRE AND RUBBER CO., Defendant.**

**No. 87 Civ. 3839.**

United States District Court, S.D. New York.

Aug. 12, 1988.

Hall, McNicol, Hamilton & Clark, New York City (Thomas A. Dubbs, James E. Scranton, and Gary L. Johansen, of counsel), for plaintiff.

Burke & Burke, New York City (George Harris, of counsel), for defendant.

## MEMORANDUM AND ORDER

EDELSTEIN, District Judge:

Defendant Goodyear Tire and Rubber Company ("Goodyear") has moved to transfer this action, pursuant to 28 U.S.C. § 1404(a), from this court to the Northern District of Texas. For the reasons set forth below, Goodyear's motion is granted.

### Background

Plaintiff Boys Club of America ("BCA") is a non-profit District of Columbia corporation with its principal place of business in New York City. BCA, in pursuing its eleemosynary purposes and activities, operates five regional service centers, including the Southwest Regional Service Center ("the Center") in Garland, Texas. BCA asserts that the five centers are controlled through its office in New York. Goodyear is an Ohio corporation with its principal place of business in Akron, Ohio. At all relevant times herein, Goodyear has been licensed to do business in both New York and Texas.

BCA alleges that in or about July, 1982, Goodyear, through its contractor, installed a new roof at the Center. Goodyear provided a written guarantee that the roof would be free from material and workmanship defects for five years. Goodyear also guaranteed to make necessary repairs to the roof without charge during that five year period. BCA asserts that the roof, soon after its installation, began to leak whenever it rained, damaging the Center and BCA's property therein. BCA contends that after Goodyear made several unsuccessful attempts at repair, Goodyear's agent stopped responding to BCA's requests that Goodyear fix the roof.

BCA pleads seven claims against Goodyear, including breach of contract, breach of warranty of merchantability, breach of warranty of fitness, negligence and violation of the Texas Deceptive Trade Practices–Consumer Protection Act, Tex.Bus. & Com.Code Ann. § 17.41 et seq.

Goodyear, denying many of BCA's substantive allegations, moves to transfer this action to the Northern District of Texas. Goodyear contends that (1) virtually all of the events at issue occurred within the Northern District of Texas and involve a building located therein; (2) that all known witnesses with knowledge of the relevant facts reside and work in that district; (3) a trial in New York would disrupt its roofing business in Texas by removing a key em-

ployee to New York; and (4) a Texas court should decide a claim brought pursuant to the Texas Deceptive Trade Practices–Consumer Protection Act because it has more familiarity with such claims than does a New York court. BCA, in turn, contends that (1) the allegedly negligent design for the roof was developed in Ohio, not Texas; (2) in deciding transfer motions, plaintiff's choice of forum must be accorded great weight; and (3) certain witnesses are located and certain operative facts occurred in New York.

## Discussion

28 U.S.C. § 1404(a) provides: "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil litigation to any other district or division where it might have been brought." A ruling on a motion to transfer under 28 U.S.C. § 1404(a) ultimately turns on the particular facts of the case. The district court is to use broad discretion in examining such facts. *Sheet Metal Worker's National Pension Fund v. Gallagher*, 669 F.Supp. 88, 91–92 (S.D.N.Y. 1987); *Mobile Video Services, Ltd. v. National Association of Broadcast Employees and Technicians*, 574 F.Supp. 668, 670 (S.D.N.Y.1983). Appropriate areas of inquiry for the court include where the operative facts occurred, *Heyco v. Heyman*, 636 F.Supp. 1545, 1549 (S.D.N.Y.1986), the location of relevant witnesses and documents, *see Mobile Video*, 574 F.Supp. at 670–71, the convenience of the parties, *Matra et Manurhin v. International Armament Co.*, 628 F.Supp. 1532, 1535 (S.D.N.Y. 1986), and the plaintiff's choice of forum, *see Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947).

### 1. Operative Facts

BCA's complaint focuses on Goodyear's alleged failure to properly design, install and repair the roof at the Center. The only relevant facts connecting BCA's allegations to this district are that BCA's headquarters

and Executive Director operate out of New York City [1]. BCA has alleged no facts nor submitted any affidavits explaining how any decisions made at its headquarters or by its Executive Director are related to the allegations in the complaint. Even if BCA's New York activities somehow affected the allegedly damaged roof, "[t]ransfer is not precluded where the operative facts have some connection to the initial forum if the transferee district has a stronger connection with the operative facts raised in the pleadings." *Sheet Metal Workers'*, 669 F.Supp. at 93. Clearly, the installation and repair of the roof are most closely linked with the Northern District of Texas. BCA argues that Texas is not a convenient forum because the roof's allegedly negligent design was developed in Ohio. Assuming this to be true, BCA has only demonstrated that an Ohio court, not the Southern District of New York, is a proper forum to hear its negligent design claim. Additionally, six of BCA's seven claims have nothing to do with the allegedly negligent design of the roof. The operative facts, therefore, support a transfer to the Northern District of Texas.

### 2. Location of Witnesses and Documents

Goodyear has named three likely witnesses, all Texans, and specified the issues their testimony will address. Goodyear has also noted the disadvantage it may face in not being able to subpoena third party witnesses located in Texas. BCA claims that its Executive Director and most other individuals having knowledge of this matter are located in New York, but provides no indication of who these individuals are or what their knowledge is. Moreover, BCA has given no indication that its Executive Director has any knowledge of the relevant facts or that its documents located in New York are pertinent to the instant action. The location of the relevant witnesses and documents, therefore, supports

---

1. BCA also asserts that this District is a convenient forum because its counsel is from New York City. The convenience of the forum to plaintiff's counsel is not a relevant considera-

tion in a Section 1404(a) motion to transfer. *Essex Crane Rental Corp. v. Vic Krisch Const. Co., Inc.*, 486 F.Supp. 529, 536 (S.D.N.Y.1980).

a transfer to the Northern District of Texas.

### 3. *The Convenience of the Parties*

The district wherein the operative facts and events occurred and the primary witnesses reside is a convenient district for both parties. Goodyear claims that its roofing business will suffer irreparably if certain of its employees must come to New York to testify. These witnesses, however, could carry out some of their duties if the case is heard in the Northern District of Texas. BCA argues that a Texas forum would be inconvenient because certain of its employees would have to leave New York. BCA, however, provides no indication of how these employees' absence will adversely affect the corporation. Additionally, Texas courts are best equipped to apply Texas law. Therefore, allowing a Texas court to hear BCA's claim brought under The Texas Deceptive Trade Practices–Consumer Protection Act furthers the interests of justice. Thus, the convenience of the parties supports defendant's motion to transfer.

### 4. *Plaintiff's Choice of Forum*

The plaintiff's choice of forum must be given considerable deference. *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 508, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947). Nevertheless, the plaintiff's choice of forum is not dispositive in a section 1404(a) motion to transfer venue. *Flintkote Co. v. Allis-Chalmers Corp.,* 73 F.R.D. 463, 466 (S.D. N.Y.1977).

Almost all of the operative facts in this case—the installation, and attempts at repair of the roof—occurred in Texas. The roof is the focal point of the alleged breaches of contract, warrantability and fitness claims. Moreover, BCA has not alleged a single operative fact which compels this court to retain the case. BCA's choice of forum, therefore, is not consistent with the convenience of the parties and the interests of justice. Accordingly, plaintiff's choice of forum will be displaced.

### Conclusion

For the reasons stated above, Goodyear's motion to transfer this action to the Northern District of Texas is granted.

SO ORDERED.