**Francis ODITA, Plaintiff,**

v.

**ELDER DEMPSTER LINES, LTD. and the S. S. DALLA, her engines, etc., Defendants.**

**No. 67 Civ. 3700.**

United States District Court
S. D. New York.

May 7, 1968.

Rehearing Denied July 31, 1968.

548

Paul C. Matthews, New York City, for plaintiff; Paul C. Matthews, Jr., New York City, of counsel.

Haight, Gardner, Poor & Havens, New York City, for defendants; David P. H. Watson, New York City, of counsel.

OPINION

HERLANDS, District Judge:

Defendants move for an order of this Court declining jurisdiction of the present action and dismissing the complaint on the ground of *forum non conveniens*.

Plaintiff commenced this action on September 25, 1967 to recover money damages for personal injuries allegedly sustained sometime in February, 1967 while a member of the crew of the m/v Dalla. Plaintiff alleges that the initial injury occurred in the Port of Hull, England when, while securing the hatch, he slipped on certain cargo which had been spilled on the deck and hatch coaming. According to plaintiff, the injuries were aggravated when defendants required him to continue working for a period of several months following the accident.

Plaintiff is a Nigerian citizen, who signed shipping articles to serve as a member of the crew of m/v Dalla in January, 1967 in Lagos, Nigeria. At present, he is temporarily in the United States on a medical parole issued by the Immigration and Naturalization Service. Defendant Elder Dempster Lines, Ltd. is a British corporation, which is the owner of the m/v Dalla, a British flag vessel duly registered under the laws of Great Britain.

Defendants urge the Court to decline jurisdiction on the grounds: (1) that plaintiff is specifically suing under the substantive laws of Great Britain; (2) that the accident occurred in Great Britain; (3) that none of the possible witnesses to the tort—both crew and longshoremen—reside in the United States and are, therefore, not subject to the subpoena power of this Court; (4) that important witnesses—such as the doctor who initially treated the plaintiff, the master and chief officer of the vessel—are British citizens; and (5) that plaintiff's sole connection with the United States is "the fortuitous circumstance that plaintiff left the vessel in the Port of New York in order to be provided with medical attention and hospitalization at

Long Island College Hospital in Brooklyn." (Affidavit of David P. H. Watson, sworn to January 26, 1968, p. 7.)

On the other hand, plaintiff asserts that jurisdiction should be retained on the grounds: (1) that important medical testimony—that of the treating physicians—is available only in New York; (2) that the lack of a contingent fee system in Great Britain renders it impossible for this plaintiff to obtain adequate legal representation in that country; (3) that the current civil war in Nigeria makes it impossible for this case to be tried in that country; and (4) that defendants have not specified what witnesses would be inconvenienced and the relevancy of their testimony if this case were tried in the United States.

■■ United States District Courts have jurisdiction over admiralty controversies between foreigners, which arise outside the United States. U.S.Const. art. III, § 2; The Belgenland, 114 U.S. 355, 365, 5 S.Ct. 860, 29 L.Ed. 152 (1885); Canada Malting Co. v. Paterson Steamships Ltd., 285 U.S. 413, 420, 52 S.Ct. 413, 76 L.Ed. 837 (1932); Lauritzen v. Larsen, 345 U.S. 571, 575, 589–590, 73 S.Ct. 921, 97 L.Ed. 1254 (1953); see 1 Benedict, Admiralty §§ 82–84 (6th ed. 1940). However, this Court while sitting in admiralty may, in its discretion, decline to retain jurisdiction over an all-foreign cause of action. Canada Malting Co. v. Paterson Steamships, Ltd., supra, 285 U.S. at 421, 52 S.Ct. 413; 1 Norris, The Law of Seamen § 26 (2d ed. 1962); 1 Benedict, Admiralty § 84 (6th ed. 1940).

Upon a careful weighing of all competing desiderata, this Court holds that there are insufficient "relevant contacts" with the United States to justify retaining jurisdiction over this all-foreign case, which can be more conveniently tried in Great Britain. See, e. g., Garis v. Compania Maritima San Basilio, S.A., 261 F.Supp. 917 (S.D.N.Y.1966), aff'd, 386 F.2d 155 (2d Cir. 1967); Anastasiadis v. S.S. Little John, 346 F.2d 281 (5th Cir. 1965); Hatzoglou v. Asturias Shipping Co., S. A., 193 F.Supp. 195 (S.D. N.Y.1961).

Neither the injury nor its alleged subsequent aggravation occurred in the United States. Plaintiff is suing specifically under British law. All of the witnesses to the accident are British and West Africans—none reside in the United States. Moreover, defendants have specified other British witnesses—e.g., the master and chief officer of the m/v Dalla and the initial treating physicians—who can provide valuable testimony on the issue of damages as well as liability.

The observation of the Court of Appeals for the Second Circuit in Conte v. Flota Mercante Del Estado, 277 F.2d 664 (2d Cir. 1960), is apposite:

"It is *prima facie* undesirable that an over-burdened District Court should conduct a trial in a personal injury action between foreigners, with all the evidence on the issue of liability and much of the evidence on damages given in a foreign tongue by witnesses equally or more available in the foreign forum, and with reliance having to be placed on expert testimony as to the governing law * * *. Moreover, try as we may to apply the foreign law as it comes to us through the lips of the experts, there is an inevitable hazard that, in those areas, perhaps interstitial but far from inconsequential, where we have no clear guides, our labors, moulded by our own habits of mind as they necessarily must be, may produce a result whose conformity with that of the foreign court may be greater in theory than it is in fact." (277 F.2d at 667.)

The Court is aware of the circumstance that the testimony of the treating physicians in New York would be relevant on the issue of damages. This is the sole nexus between the instant litigation and the United States. However, defendants' counsel has agreed to depose these physicians "at any time plaintiff's attorney chooses to do so". (Reply Affidavit of David P. H. Watson, sworn to March 8, 1968, pp. 3–4). This

aspect of the instant case is thus analogous to the factual situation in Conte v. Flota Mercante Del Estado, supra, where Judge Friendly commented at page 667: "The testimony of the New York surgeon and technician was not controversial and could easily have been taken by deposition."

There is no persuasive reason for the Court to retain jurisdiction over the instant case. Accordingly, the Court in the exercise of its discretion declines to retain jurisdiction of this action and dismisses the complaint without prejudice on the ground that this district is not the proper forum while Great Britain is.

Defendants have agreed to appear and defend this claim on the merits in either Great Britain or Nigeria and not to assert as a defense any claim that this action is barred by lapse of time or the statute of limitations. In addition, defendants have offered to bear the expenses of plaintiff's travel to Great Britain or Nigeria, in connection with the plaintiff's institution of an action in a court of competent jurisdiction in either of these countries. As previously noted, defendants have agreed to depose the New York treating physicians at such time as plaintiff's attorney desires.

The dismissal of this action is expressly conditioned on defendants' fulfilling these undertakings. The order to be settled dismissing this action should make appropriate decretal provisions for effectuating these conditions.

The Court attaches a further condition to the dismissal of this action, which should be reflected in the order to be settled. Appropriate provision should be made to allow plaintiff to secure the hospital records or copies thereof from Long Island College Hospital.

It should be pointed out, that on September 6, 1967, prior to the commencement of this action, plaintiff had brought suit in the New York State Supreme Court to recover damages from defendants based on the identical factual allegations. On January 5, 1968, Justice Schweitzer granted defendants' motion to dismiss the action on the ground of *forum non conveniens*, conditioned on defendants' defending on the merits in Great Britain or Nigeria and not asserting that the claim is time-barred or barred by the statute of limitations. Said dismissal was also conditioned on defendants' paying for plaintiff's travel to Great Britain or Nigeria. Odita v. Elder Dempster Lines, Ltd., N.Y.L.J., January 5, 1968.

Settle order on notice in accordance with the views expressed in this opinion.

## OPINION ON REARGUMENT

By opinion dated May 7, 1968, this Court declined to retain jurisdiction over the present case and dismissed the complaint on the ground of *forum non conveniens*. Plaintiff now moves for reargument of that decision.

Plaintiff asserts that the Court should reconsider its earlier decision because it is extremely doubtful that he will be granted permission to enter Great Britain for the purpose of prosecuting his lawsuit against defendants.

Moreover, even if plaintiff were admitted to Great Britain, he would be financially unable to support himself during the period prior to trial; and he would be unable to obtain adequate legal representation there because the contingent fee system is unlawful in Great Britain.

In addition, plaintiff points out that, on May 9, 1968, he applied to the Immigration and Naturalization Service for voluntary departure or parole on the ground that he is studying to become a dental technician; and that the policy of the Service is to allow Biafran (Eastern Nigerian) students (such as plaintiff) to remain in this country at least pending the termination of current hostilities in Nigeria. (See Directive from Mario T. Noto, Associate Commissioner of Operations, Immigration and Naturalization

Service to Regional Commissioners attached as Exhibit 1 to Reply Affidavit of Paul C. Matthews, Jr., sworn to July 8, 1968). Plaintiff asserts that when he shall have completed his course in dentistry in October, 1968, he intends to apply for permanent residence in this country.

The rationale of the Court's earlier decision was that this case could be more conveniently tried in Great Britain than in the United States.* In view of the new circumstances now brought to the Court's attention, this rationale is no longer valid.

To require this impecunious plaintiff to try the present lawsuit in Great Britain might effectively deny him any remedy at all. Since the general policy of the British Home Office is that "a Commonwealth Citizen unable to support himself would not be admitted to Britain" (See letter from British Consul of July 3, 1968 attached as Exhibit 3 to Reply Affidavit of Paul C. Matthews, Jr., sworn to July 8, 1968), the Court has grave doubts that plaintiff will be permitted to enter England to prosecute his present lawsuit.

■ The doctrine of *forum non conveniens* presupposes the existence of an alternative forum where plaintiff can adequately vindicate his rights and "the doctrine furnishes criteria for choice between [two forums]". Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 506–507, 67 S.Ct. 839, 842, 91 L.Ed. 1055 (1947). The Court cannot say with any degree of certainty that, as a practical matter, such an alternative forum exists in which to try the present case.

■ Moreover, upon reconsideration of all relevant factors, the Court is convinced that the balance of convenience does not strongly favor defendants and, therefore, plaintiff's choice of forum should not be disturbed. Gulf Oil Corp. v. Gilbert, supra, 330 U.S. at 504–509, 67 S.Ct. 839; see also Baksay v. Rensellear Polytech Institute, 281 F.Supp. 1007, 1009 (S.D.N.Y.1968).

While many of the allegedly important witnesses are British citizens, most of them are employed by defendants. Thus, these witnesses presumably are under defendants' control and are able to testify in New York, if defendants so desire. See Toti v. Plymouth Bus Company, 281 F.Supp. 897, 898 (S.D.N.Y.1968).

■ That a United States District Court may not possess the same degree of familiarity with British substantive law that a British court may have "is not a factor that weighs very heavily upon the *forum non conveniens* scale. The task of deciding foreign law is a chore that the federal courts are called upon to perform with regularity." Ciprari v. Servicos Aereos Cruzeiro do Sul, S.A., 232 F.Supp. 433, 443 (S.D.N.Y.1964) (Brazilian law); Burt v. Isthmus Development Co., 218 F. 2d 353, 357 (5th Cir.), cert. denied, 349 U.S. 922, 75 S.Ct. 661, 99 L.Ed. 1254 (1955) (Mexican law); Horovitz v. Renault, Inc., 162 F.Supp. 344, 347 (S.D. N.Y.1958) (Spanish and French law). While retention of jursidiction of this suit may involve some inconvenience to defendants, dismissal would merely shift the inconvenience to plaintiff. Indeed, dismissal might very well deprive plaintiff of any forum in which to vindicate his legal rights.

In short, the balance of convenience and *interests of justice* favor retention of this suit.

Accordingly, the motion for reargument is granted and the original decision declining to retain jurisdiction and dismissing the complaint is withdrawn. Defendants' motion is hereby denied.

So ordered.

* It is clear that this suit cannot be tried in Nigeria under present conditions as plaintiff is a Biafran.