CAPITOL CABINET CORP., Plaintiff,

v.

INTERIOR DYNAMICS, LTD. and the Boston Consulting Group, Defendants.

No. 81 Civ. 8142 (DNE).

United States District Court,
S. D. New York.

June 17, 1982.

Pryor, Cashman, Sherman & Flynn, New York City (James A. Janowitz and Mark A. Reich, New York City, of counsel), for plaintiff.

Moses & Singer, New York City (David Rabinowitz, New York City, of counsel), for defendant Interior Dynamics, Ltd.

Stroock & Stroock & Lavan, New York City (Bruce H. Schneider, New York City, of counsel), for defendant The Boston Consulting Group.

## MEMORANDUM

EDELSTEIN, District Judge:

Plaintiff, Capitol Cabinet Corp. ("Capitol"), brought this action in the Supreme Court of the State of New York to recover damages in the amount of $105,000 plus interest for breach of contract. Defendant Interior Dynamics Ltd. ("IDL") removed the action to this court on the basis of diversity of parties and amount in controversy. After removal, IDL moved to dismiss the complaint for lack of jurisdiction over the parties or in the alternative to transfer the matter to the Northern District of Illinois.

In January 1980, IDL entered into a contract with defendant The Boston Consulting Group ("BCG") to act as planning consultant, designer and project manager for the development of new offices for BCG in Chicago, Illinois. According to Capitol's allegations, in mid-1980, IDL, acting through its then vice-president Mr. Bharat Kothari, negotiated and entered into a contract with Capitol for the fabrication, finishing and installation of wood doors in the BCG offices ("the door contract"). Capitol claims to have produced the doors and in late 1980 attempted to contact IDL regarding delivery and payment terms. Capitol further alleges that on January 11, 1981, IDL disavowed the contract. This action for breach of contract followed.

Defendant BCG has filed a cross-claim against IDL and a counter-claim against Capitol. Both claims are for breach of contract. BCG has agreed to the transfer of its cross-claim should the motion for change of venue be granted.

## JURISDICTION

IDL's first contention is that N.Y. Civ.Prac.Law, § 301 (McKinney) does not

confer personal jurisdiction over it since IDL is an Illinois corporation with its principal place of business in Chicago, and does not have sufficient contacts with this forum.[1] *See International Shoe Co. v. Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945); *Frummer v. Hilton Hotels International, Inc.,* 19 N.Y.2d 533, 281 N.Y.S.2d 41, 227 N.E.2d 851, *cert. denied,* 389 U.S. 923, 88 S.Ct. 241, 19 L.Ed.2d 266 (1967). Capitol does not claim that IDL "engaged in such a continuous and systematic course of 'doing business' here as to warrant a finding of its 'presence' in this jurisdiction." *Id.* 19 N.Y.2d at 536, 281 N.Y.S.2d 41, 227 N.E.2d 851, *quoting, Simonson v. International Bank,* 14 N.Y.2d 281, 285, 251 N.Y.S.2d 433, 200 N.E.2d 427 (1964). Accordingly the court finds that IDL is not "present" within the state for purposes of conferring personal jurisdiction under § 301.

■ Capitol asserts, however, that jurisdiction may be predicated under N.Y.Civ. Prac.Law, § 302(a)(1) (McKinney), a subsection of the New York long arm statute. Section 302(a)(1) provides for personal jurisdiction over a non-domiciliary "who in person or through an agent . . . transacts any business within the state. . . ." Capitol claims that IDL, through its vice-president Kothari, transacted business in New York in negotiating and entering into the subject contract. Capitol alleges that Kothari came to New York on four occasions during 1980 to negotiate the contract, and that Kothari, while in New York, accepted Capitol's offer to manufacture the doors.

IDL responds that Kothari was not acting within the scope of his employment in securing the contract with Capitol and was not an agent of IDL. A release over the signature of Larry Wallach, then president of IDL, however, states that Kothari's employment was terminated effective January 26, 1981. According to Capitol's allegations, the contract had been negotiated and formed in 1980 before the January 26, 1981 termination date. Viewed in the light most favorable to Capitol, these allegations may show that Kothari was acting on behalf of IDL in soliciting, negotiating and entering into the contract. Further, the alleged solicitations and negotiations occurred in New York, the action arose from these acts, and the acts were sufficiently purposeful to invoke the benefits and protection of New York law. *See Liquid Carriers Corp. v. American Marine Corp.,* 375 F.2d 951, 955 (2d Cir. 1967) (Solicitation and negotiation of a contract in New York sufficient for jurisdiction under the long arm statute); *George Reiner and Co., Inc. v. Schwartz,* 41 N.Y.2d 648, 653, 394 N.Y.S.2d 844, 363 N.E.2d 551 (1977) (Single visit to state to negotiate contract sufficient for jurisdiction). The motion to dismiss for lack of personal jurisdiction over IDL is therefore denied.

## VENUE

■ Alternatively, IDL seeks transfer to the Northern District of Illinois pursuant to 28 U.S.C. § 1404(a) which grants a district court the discretionary power to transfer any civil action to any other district court where it might have been brought for the convenience of the parties and witnesses or in the interest of justice. The defendant has a heavy burden of showing that transfer is proper under the circumstances. "It is well established that the plaintiff has a right to choose the forum, and that his choice should not be disturbed unless the balance of convenience and justice weighs heavily in favor of transfer." *Security National Bank v. Republic National Life Insurance Co.,* 364 F.Supp. 585, 589 (S.D.N.Y. 1973).

The balance of convenience does not favor transfer. Although many of IDL's prospective witnesses are Illinois residents who would be inconvenienced by trial in New York, Capitol's prospective witnesses would likewise be inconvenienced by a transfer to Illinois. Further, Capitol contends that transfer will cause it and its witnesses sub-

---

1. Since this is a diversity action, the law of the forum state, New York, governs whether personal jurisdiction exists. *See Arrowsmith v.* *United Press International,* 320 F.2d 219 (2d Cir. 1963).

stantial hardship in the form of disruption of business and additional travel expenses. Transfer may be denied to avoid disrupting the party's business by requiring a prolonged absence of its executives from their regular duties to serve as witnesses. *See Weinberger v. Retail Credit Co.*, 345 F.Supp. 165, 167 (E.D.Pa.1972). IDL has not demonstrated that the balance of convenience weighs in favor of transfer.

Although the balance of convenience does not favor transfer, the interests of justice require that this action be heard in Illinois. Kothari, the central figure in this dispute, is a resident of Illinois. It is the nature of the witness' testimony which is important in determining whether to grant the discretionary motion to transfer, *see Vaughn v. American Basketball Ass'n.*, 419 F.Supp. 1274, 1277 (S.D.N.Y.1976), and Kothari's testimony is essential to the resolution of the jurisdictional and contractual issues presented by this case. He was the principal contact between the plaintiff and IDL and has personal knowledge of the negotiation and formation of the "door contract". Kothari was also involved in prior dealings between the parties, and had other contacts with the president of Capitol which may be relevant to issues in this case.

Kothari is no longer associated with IDL and cannot be compelled to testify in this district. *See* Fed.R.Civ.P. 45. "Fix[ing] the place of trial at the place where litigants cannot compel personal attendance and may be forced to try their cases on deposition, is to create a condition not satisfactory to court, jury or most litigants." *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 511, 67 S.Ct. 839, 844, 91 L.Ed. 1055 (1947). Kotharis' testimony may be conclusive for the complete and just adjudication of this controversy. A transfer of venue may enable the transferee court to compel Kothari's attendance. Capitol's witnesses, in contrast, are employees of Capitol and their presence in the Illinois court can be obtained by plaintiff.

One other factor should be considered in determining the weight given to the interest of justice. Should the agency or employment relationship between Kothari and IDL be disproved at trial personal jurisdiction in this district would be defeated. Both defendants, however, are undeniably present in Chicago for *in personam* actions. Transfer will aid in the swift determination of the substantive issues by rendering moot the dispute over jurisdiction. *See United States v. Berkowitz*, 328 F.2d 358, 361 (3d Cir.), *cert. den.* 379 U.S. 821, 85 S.Ct. 42, 13 L.Ed.2d 32 (1964); *Troyer v. Karcagi*, 488 F.Supp. 1200, 1206 (S.D.N.Y.1980).

The motion to dismiss for lack of jurisdiction is denied. The motion to transfer to the Northern District of Illinois is granted. Settle order accordingly.