**Wayne BAYLESS, Plaintiff,**

**v.**

**DRESSER INDUSTRIES, INC., Defendant.**

**No. 87 Civ. 5604 (RWS).**

United States District Court, S.D. New York.

Jan. 14, 1988.

Levy Phillips & Konigsberg, New York City, for plaintiff; Diane Paolicelli, of counsel.

Seyfarth, Shaw, Fairweather & Geraldson, New York City, for defendant; Bonnie Glatzer, Jane B. Stewart, of counsel.

OPINION

SWEET, District Judge.

Defendant Dresser Industries ("Dresser") has moved for a transfer of venue pursuant to 28 U.S.C. § 1404(a) in this age discrimination suit brought against it by its former employee Wayne Bayless ("Bayless"). Upon the hearing and submission of the motion on November 20, 1987, for the reasons set forth below, the motion is denied.

**Facts**

Bayless is an American citizen who is a resident of London, England. Dresser is a Delaware corporation with its principal place of business in Dallas, Texas.

Bayless was employed by Dresser Europe, S.A. ("Dresser Europe"), a subsidiary of Dresser, as a regional sales manager in London beginning June 1, 1978. He was subsequently transferred to Algeria where he was employed from January 1979 to October 1985 as Director General Adjoint of Aldia, S.A., a foreign joint venture corporation of which Dresser holds a 49% ownership interest.

Dresser terminated Bayless' employment on October 5, 1985. It contends that the release was due to "the marked and steady decline in the oil industry throughout the spring and summer of 1985, requiring reductions in force throughout the company." Bayless, however, was sixty years of age at the time of his termination. He claims that his discharge was due to age discrimination and that a younger man was hired to fill the position of Director General Adjoint.

Bayless initiated this action claiming discriminatory discharge under the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* ("ADEA") and the Employment Retirement Income Security Act, 29 U.S.C. § 1132 *et seq.* on July 31, 1987. The cause of action arose in Algeria, and most individuals with personal knowledge as well as relevant documents are, according to Bayless, in London and Algeria. Bayless contends, therefore, that New York, as a midway point between Dallas and London, is the most convenient forum. Additionally, Bayless, now an unemployed individual, has family ties to New York. Thus, he has a local residence making a lawsuit in New York more economically feasible. There is no challenge to personal jurisdiction over Dresser in New York.

Dresser contends that relevant records and witnesses are at its home office in Dallas. In its initial answer, however, Dresser denied that Bayless was employed by Dresser, claiming that Dresser Europe was completely responsible for any action taken with respect to Bayless.

Conclusions

28 U.S.C. § 1404(a) provides that:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

Bayless does not contest that the action "might have been brought" in the Southern District of Texas. He does contest, however, that the Southern District of Texas is more convenient to the parties and the witnesses and that in the interest of justice the action should be there.

The decision whether to transfer an action is a matter largely left to the discretion of the trial judge. *Berg v. First American Bankshares, Inc.*, 576 F.Supp. 1239, 1241 (S.D.N.Y.1983); *see Application of Amarnick*, 558 F.2d 110 (2d Cir.1977) (per curiam). Factors to be considered in the exercise of this discretion are convenience to the parties, convenience to witnesses, relative ease of access to sources of proof, availability of process to compel the presence of witnesses, the cost of securing the presence of witnesses, speed and cost, the locality of the events in dispute, and the interests of justice. *Berg, supra*, at 1241; *see also e.g., Calavo Growers of California v. Generali Belgium*, 632 F.2d 963 (2d Cir.1980) (forum non conveniens case), *cert. denied*, 449 U.S. 1084, 101 S.Ct. 871, 66 L.Ed.2d 809 (1981); *Matra Et Manurhin v. International Armament Co.*, 628 F.Supp. 1532 (S.D.N.Y.1986); *Abramson v. INA Capital Management Corp.*, 459 F.Supp. 917 (E.D.N.Y.1978). "The defendants have the burden of clearly demonstrating that the balance of these factors tips in favor of transfer." *Matra et Manurhin, supra*, 628 F.Supp. at 1535. In applying these factors to the facts in this case, the balance tips in favor of this court retaining jurisdiction.

First, the convenience to the parties favors a New York forum. Although Dresser's main office is in Dallas, its subsidiaries, the direct employers of Bayless, are located in England and Algeria. New York is closer to these locations and presumably transportation between the foreign countries and New York is less costly. Additionally, Bayless, a London resident who is now unemployed, has family in New York while he has no contacts whatsoever to Texas. Thus, the cost to plaintiff of maintaining an action there is likely to be prohibitive.

The convenience to witnesses is analogous to the convenience to the parties. Most will have to travel from London or Algeria. Dresser claims that material witnesses are located in Texas and that some of these are no longer employed by Dresser and thus not subject to compulsory service in New York. Earlier in these proceedings, however, Dresser asserted as an affirmative defense that Dresser Dallas did not exercise sufficient control over its foreign subsidiaries to be liable. Although it has since withdrawn from that position, some of the Dresser employees with knowledge as to the events relative to this lawsuit are located overseas. These witnesses are as amenable to service in New York as in Texas.

Access to defense evidence is better in Texas than in New York, as employment records with respect to general employment practices are located there. However, "access to documents and other proof [is not] a particularly persuasive factor." *Stinnes Interoil, Inc. v. Apex Oil Co.*, 604 F.Supp. 978, 983 (S.D.N.Y.1985).

The cost of securing witnesses and of maintaining this suit also favors retention of jurisdiction. As set forth above, the majority of witnesses will have to come from overseas in any event. Moreover, as stated, the cost to Bayless will be less in New York. Since Dresser has made no challenge to personal jurisdiction, it can be inferred that Dresser has some New York base of operations. Bayless, on the other hand, has no Dallas contacts.

While it is true that none of the events in dispute took place in New York, it is also true that no event relative to this lawsuit took place in Dallas.

Finally, in the interest of justice, this court must retain jurisdiction. Dresser is a multinational, multimillion dollar corporation with contacts world wide. Its resources, when compared with those of Bayless, warrant compelling it to defend here. ADEA gives a plaintiff a choice of any forum of competent jurisdiction. 29 U.S.C. § 626(c)(1); *see also Newsweek v. United States Postal Service*, 652 F.2d 239 (2d Cir.1981) (case under postal laws where plaintiff granted choice of forum). This court will not disturb plaintiff's choice upon the showing made when to do so would cause the plaintiff hardship and when neither forum in question is the locale of the events in question. *Cf. Matra et Manurhin, supra*, 628 F.Supp. at 1536.

For the reasons set forth above, Dresser's motion is denied.

IT IS SO ORDERED.