**Wayne BAYLESS, Plaintiff,**

v.

**DRESSER INDUSTRIES, INC., Defendant.**

**No. 87 Civ. 5604 (RWS).**

United States District Court, S.D. New York.

Dec. 20, 1988.

Levy Phillips & Konigsberg, New York City, for plaintiff; Diane Paolicelli, of counsel.

Seyfarth, Shaw, Fairweather & Geraldson, New York City, for defendant; Bonnie Glatzer, of counsel.

---

OPINION

SWEET, District Judge.

Defendant Dresser Industries, Inc. ("Dresser") has moved for this court to reconsider its January 15, 1988 order ("the January Opinion") denying Dresser's motion to transfer this case to the Southern District of Texas and to order a change of venue pursuant to 28 U.S.C. § 1404(a). 677 F.Supp. 195. For the reasons set forth below, the motion to reconsider is granted, and this case is transferred to the Southern District of Texas.

*Prior Proceedings*

Plaintiff Wayne Bayless ("Bayless"), an American citizen residing in London, England, has sued Dresser, a Delaware corporation with its principal place of business in Dallas, Texas, alleging that Dresser discriminated against him on the basis of his age when it fired him on October 5, 1985. The January Opinion details further facts relating to the merits of Bayless's age discrimination claim.

Bayless brought this action in the Southern District of New York, and in November of 1987, Dresser moved to transfer the lawsuit to the Southern District of Texas. In the January Opinion, Dresser's motion was denied. The parties then proceeded with discovery.

Dresser now seeks reconsideration and a change of venue, alleging that discovery revealed facts that refute information the January Opinion relied upon in denying Dresser's earlier motion to change venue.

*Change of Venue*

■ In ruling on a change of venue motion, a court should consider (a) plaintiff's choice of forum; (b) convenience of the parties; (c) convenience of the witnesses; (d) the relative ease of access to the sources of proof; (e) the availability of process to compel attendance of unwilling witnesses; (f) consideration of trial cost and efficiency; and (g) furtherance of the interest of justice. *See Town of Warwick v. New Jersey Dep't of Environmental Protection*, 647 F.Supp. 1322, 1323 (S.D.N.Y.1986); *see also O'Neill v. Stanwood Corp.*, 577 F.Supp. 1001, 1003 (S.D.N.Y.

1984); *Berg v. First Amer. Bankshares, Inc.*, 576 F.Supp. 1239, 1241 (S.D.N.Y. 1983).

The January Opinion considered these factors and determined that they favored respecting Bayless's choice of forum. However, information disclosed in discovery indicates that Bayless was less than forthcoming in defending against Dresser's first change of venue motion. Reconsideration of these factors in light of the information now available supports transferring this case to the Southern District of Texas.

■ The January Opinion found that convenience of the parties favored a New York forum. Although neither Bayless nor Dresser had direct ties to New York, the January Opinion noted that "Bayless, a London resident ..., has family in New York *while he has no contacts whatsoever to Texas.*" (p. 4) (emphasis added). Bayless's deposition, however, revealed that one of his daughters has lived in Houston since 1972 and that his wife's father, brother, and sister all live in Texas in various places.

The January Opinion also determined that the convenience of the witnesses favored a New York forum because "[m]ost will have to travel from London or Algeria." (p. 4). In fact, the four witnesses plaintiff has deposed so far all have been deposed in Houston. Three of them now work in Houston for Western Atlas International ("Western") and the fourth, an employee with Western's London office, was deposed in Houston while there on business.

The January Opinion ruled that access to sources of proof favored Houston over New York because Dresser maintains records there detailing its employment practices, but it found this fact not " 'particularly persuasive.' " (p. 5) (citing *Stinnes Interoil, Inc. v. Apex Oil Co.*, 604 F.Supp. 978, 983 (S.D.N.Y.1985)). In this case's current posture, this factor is more compelling.

According to the January Opinion, the cost of securing witnesses and maintaining this action favored a New York forum be-

cause "the majority of witnesses will have to come from overseas in any event" and "the cost to Bayless will be less in New York" where he has family. (p. 197). As noted above, however, some key witnesses now live in Houston, and Bayless has family in Texas with whom he can stay during the trial.

The locality of the events in dispute had no bearing on the venue issue, the January Opinion found, because the alleged age discrimination occurred neither in New York nor Texas.

The factor that the January Opinion considered most important was the interest of justice. In defending against Dresser's change of venue motion, Bayless portrayed himself as unemployed with difficulty in maintaining this action in Texas. This court found Bayless's misfortune compelling, particularly in light of Dresser's status as "a multinational, multimillion dollar corporation with contacts world wide." (p. 197).

Discovery has revealed, however, that Bayless's situation is not as difficult as he presented it. Bayless is unemployed, but he is by no means poor. At his deposition, Bayless testified that he owns various oil and gas interests, as well as several bank stocks. These holdings have a book value of more than $350,000 and provide Bayless a regular income. Moreover, Bayless bears some responsibility for his continued unemployment. He chooses to live in London where his status as an American citizen bars him from working. He entered England with a visa that lists his occupation as "investments," and he conceded at his deposition that if he lived in a country that allowed him to work "he could find something to do."

Even if Bayless were financially strapped, it would not be substantially cheaper for him to prosecute this action in Houston rather than New York. Bayless has family in both cities with whom he could live if he wanted, and Dresser has submitted an affidavit from a travel agent indicating that flights from London to Houston are no more costly than flights from London to New York.

Bayless defends against Dresser's motion to reconsider by again appealing to the interest of justice. He now acknowledges that one of his daughters and several members of his wife's family live in Texas. But he claims he "would not feel comfortable imposing on [his daughter]" who lives in a small house with her husband and young child, and he refuses to tell his wife's relatives about his case because "it would embarrass [him] greatly if they had to learn of it." Bayless prefers to keep this case in New York primarily because his son in Jersey City, New Jersey has a spacious apartment where he could stay and because his daughter in Westchester, New York is an attorney upon whom he relies for "emotional and psychological" support.

This court is sympathetic to the circumstances in which Bayless finds himself. However, in light of the considerations detailed above, these concerns do not justify retaining jurisdiction over this case.

*Conclusion*

For the reasons set forth above, Dresser's motion to reconsider the January Opinion and transfer this case to the Southern District of Texas is granted.

It is so ordered.