Sharon McKRELL, Plaintiff,

v.

PENTA HOTELS (FRANCE),
S.A., Defendant.

No. 86 Civ. 8925(JMW).

United States District Court,
S.D. New York.

Jan. 11, 1989.

Moshe Maimon, Levy Phillips & Konigsberg, New York City, for plaintiff.

Scott P. Taylor, Quirk and Bakalor, P.C., New York City, for defendant.

## MEMORANDUM AND ORDER

WALKER, District Judge:

This case is before the Court on defendant's motion to reject the August 10, 1988 Report and Recommendation of Magistrate Buchwald. Defendant unsuccessfully sought to transfer plaintiff's suit to another jurisdiction—namely, France—on the ground of *forum non conveniens*. 28 U.S.C. § 1404(a). Pursuant to Rule 72(a) of the Fed.R.Civ.P., defendant now challenges the Magistrate's conclusions. The Court denies defendant's motion because the Magistrate's Report and Recommendation was not clearly erroneous or contrary to law.

## BACKGROUND

Plaintiff Sharon McKrell is a Connecticut resident who was injured in Paris while staying in a hotel owned by defendant. Defendant Penta Hotels (France) S.A. ("Penta" or "Paris Penta") is a French registered company which owns the Paris Penta Hotel. Defendant is authorized to do business in New York through Penta Hotels, Inc., which accepts reservations on behalf of the Paris Penta. Jurisdiction is based on diversity of citizenship pursuant to 28 U.S.C. § 1332. Defendant does not dispute that personal jurisdiction exists. *See* Def. Reply Mem. at 4. Defendant transacts significant business and advertises in New York.

On September 23, 1985, plaintiff returned to the Paris Penta with her tour group. While walking towards the hotel entrance, plaintiff fell approximately 15 to 20 feet over a retaining wall and struck her head. McKrell was in a coma for eight days. After her fourth week of hospitalization, she had reconstructive surgery of her right orbit. She has been rehospitalized and has had recurrent seizures, which may require surgery to control. Since her most recent hospitalization in January 1987, plaintiff has been unable to work. Currently, she lives with her parents. In her affidavit, plaintiff asserts that she presently owes $10,000 in medical bills which she is unable to pay; that her medical insurance will expire in June 1989; and

**14**

that she has assets of under $50. In brief, she alleges that defendant's negligence caused her injuries.

## DISCUSSION

The standard of review applicable to this case is set forth in Fed.R.Civ.P. 72(a) and 28 U.S.C. § 636(b)(1)(A), which establish that the Court should accept the Magistrate's Report unless it is "clearly erroneous or contrary to law." Before this Court, defendant claims that the Magistrate's Report is "completely against the weight of the facts and law ..." Aff. of Scott P. Taylor ¶ 8. Yet in its criticism of the Magistrate's Report, defendant has failed to cite a single case that the Magistrate ignored or misinterpreted. Instead, defendant simply "request[s] that this Court read and review all the underlying papers which, [Penta] believes, will make clear that the Report ... should be rejected." *Id.* at ¶ 7.

At the outset, the Court notes that "unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." *Gulf Oil v. Gilbert*, 330 U.S. 501, 508, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947). Moreover, the "ultimate inquiry" in a *forum non conveniens* analysis is where the place of trial will "best serve the convenience of the parties and the ends of justice." *Koster v. Lumbermens Mut. Casualty Co.*, 330 U.S. 518, 527, 67 S.Ct. 828, 833, 91 L.Ed. 1067 (1947). In *Piper Aircraft v. Reyno*, 454 U.S. 235, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981), the Supreme Court explained that an alternate forum must be available before plaintiff's case will be dismissed on the grounds of *forum non conveniens*. In *Piper*, the Court listed three situations in which an alternate forum would not be available: (1) where defendant is not amenable to process in the alternate forum; (2) where the alternate forum does not permit litigation of the subject matter of the dispute; and (3) in "rare circumstances," where the remedy offered by the alternate forum is "clearly unsatisfactory." *Piper, supra* at 254 n. 22, 102 S.Ct. at 265 n. 22. *See also Rudetsky v. O'Dowd*, 660 F.Supp. 341, 346 (E.D.N.Y.1987) (Weinstein, J.).

The Magistrate requested and received affidavits that addressed plaintiff's financial position. Due to plaintiff's financial inability to conduct litigation in the foreign forum and the absence of a contingency fee system in that forum, the Magistrate determined that "the proposed alternative forum is, in fact, no forum at all." Report at 17. The Magistrate thus concluded that this case presents one of those "rare circumstances" forecast by the Supreme Court in *Piper*. She concluded that "[p]laintiff faces an insurmountable financial barrier to pursuing this litigation in France, a barrier which, should this motion be granted, would leave plaintiff with a valid claim but nowhere to pursue it." Report at 17–18. *See also Fiorenza v. United States Steel International, Ltd.*, 311 F.Supp. 117, 121 (S.D.N.Y.1969) ("When that alternate forum is not truly available for any reason, as in the instant case, the doctrine of *forum non conveniens* will not be applied to dismiss the action"); *Agyenkwa v. American Motors Corp.*, 622 F.Supp. 242, 245 (E.D.N.Y.1985) (considering both plaintiff's financial means and the availability of contingency fee representation in the proposed alternate forum).

Before this Court on its present motion, defendant raises no objection to this—or, for that matter, any other—finding of fact made by the Magistrate. Based on its findings, the Magistrate applied what defendant admits is "the applicable law." Taylor Aff. at ¶ 5. The Court concludes that the Magistrate's holding is not clearly erroneous or contrary to the law. As the Second Circuit explained in *Manu International, S.A. v. Avon Products, Inc.*, 641 F.2d 62 (2d Cir.1981):

[T]he supposedly more convenient forum is in reality no forum at all. [Plaintiff] represents, and we are inclined to believe, that as a practical matter the district court's ruling will deny it any day in court at all since it is not going to go half way around the world to Taiwan, hire counsel there, and then try, without compulsory process, to get witnesses to there from [around the world].... It is almost a perversion of the *forum non*

*conveniens* doctrine to remit a plaintiff, in the name of expediency, to a forum in which, realistically, it will be unable to bring suit when the defendant would not be genuinely prejudiced by having to defend at home in the plaintiff's chosen forum.

*Id.* at 67.

Defendant may suffer certain inconveniences. The Court realizes—as did Magistrate Buchwald—that the balancing of relevant factors is not one-sided. *See, generally*, the Magistrate's Report. However, this Court need not decide that defendant's case is completely without merit. Rather, the Court must decide whether or not the Magistrate's Report is "clearly erroneous or contrary to law." After carefully reviewing the Magistrate's comprehensive Report, and the papers filed before her, this Court concludes that her Report is amply supported by the law. Therefore, defendant's motion is denied.

SO ORDERED.