**Hilda AUSTIN, Plaintiff,**

v.

**INTERNATIONAL BROTHERHOOD OF TEAMSTERS–AIRLINE DIVISION 2747, Michael Staetter, and Barbara Graham, Defendants.**

**89 Civ. 4831 (SWK).**

United States District Court, S.D. New York.

June 20, 1990.

---

Dennis Adjei–Brenyah, New York City, for the plaintiff.

James P. Hoffa, Wayne A. Rudell, Detroit, Mich., Lowenthal & Lippman, New York City by Herbert Lippman, for defendants.

## MEMORANDUM OPINION AND ORDER

KRAM, District Judge.

This is an action in diversity for allegedly negligent advice given by the defendant union and two of its representatives. Presently before this Court is the union's motion to transfer to the United States District Court for the Eastern District of Michigan, pursuant to 28 U.S.C. § 1404(a).

### Background

Plaintiff Austin is a domicillary of New York. Defendant International Brotherhood of Teamsters–Airline Division 2747 (hereinafter "Local 2747" or "the Union")[1] is a Michigan branch of a nationwide trade union headquartered in New York City. Defendants Staetter and Graham, the Union representatives, are both Michigan citizens residing and working in Michigan.

Prior to moving to New York, plaintiff Hilda Austin lived in Michigan and worked for six and a half years as a flight attendant for Northwest Airlines. On June 7, 1989 plaintiff reported to the Detroit Airport for flight duty, at which time her supervisor told her that she smelled of alcohol and insisted that she take a blood alcohol test. Plaintiff agreed to take the test and proceeded towards the testing location. At the testing site, Northwest representatives told plaintiff that she was entitled to Union representation, which at first she declined. After further discussion, however, plaintiff agreed to meet with Union representatives prior to submitting to a blood alcohol test. Upon advice of defendants Staetter and Graham, in their capaci-

---

1. There seems to be some disagreement as to the number of this branch of the union. For the purposes of this opinion it will be designated as "2747"

208

ty as Local 2747 representatives, Austin refused to submit to the test. Consequently, Northwest Airlines discharged plaintiff for refusal to comply with her supervisor's order.

The Union contends that pursuant to 28 U.S.C. § 1404(a), Austin's case should be transferred from the Southern District of New York to the Eastern District of Michigan. The defendant union argues that the location of the witnesses and the interests of the forum state make Michigan better suited to handle her claim. While the Complaint does not plead a specific nexus between defendants' acts in Michigan and her cause of action in New York, plaintiff responds that it would be impossible financially for her to try the case in Michigan.

## Discussion

Plaintiff's choice of forum should not be disturbed unless the balancing factors strongly favor the defendant. *Gulf Oil Co. v. Gilbert*, 330 U.S. 501, 508, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947). The defendant-movant has the burden of establishing that the interests of justice as well as the convenience of the parties would better be served by transfer. 28 U.S.C. § 1404(a). *Factors Etc. Inc. v. Pro Arts Inc.*, 579 F.2d 215, 218 (2d Cir.1978), *cert. denied*, 440 U.S. 908, 99 S.Ct. 1215, 59 L.Ed.2d 455 (1979).

This Court considers the following factors under a 1404(a) motion to transfer: 1) the convenience to parties; 2) convenience to witnesses; 3) access to sources of proof; 4) availability of process to compel attendance of unwilling witnesses; 5) the cost of obtaining willing witnesses; 6) practical problems indicating where the case can be more speedily and inexpensively tried; and 7) the interests of justice with regard to particular circumstances of each case. *National Union Fire Ins. Co. v. Mason Perrin & Kanovsky*, 709 F.Supp. 411, 417 (S.D.N.Y.1989) (quoting *Schneider v. Sears*, 265 F.Supp. 257, 263 (S.D.N.Y. 1967)).

Both the interests of justice and the special deference which is given plaintiff's choice of forum militate in favor of denying

this motion. Plaintiff states in her affidavit that she will be unable to go to Michigan to pursue the action on account of severe financial strain. Affidavit of Hilda Austin, ¶¶ 6, 11. In *McKrell v. Penta Hotels (France) S.A.*, 703 F.Supp. 13 (S.D.N.Y.1989), this Court upheld the Magistrate's recommendation that a foreign forum was not a viable alternative available because plaintiff would have been unable financially to pursue her claim in the alternate forum. *See also Fiorenza v. United States Steel International, Ltd.*, 311 F.Supp. 117 (S.D.N.Y.1969) (denying defendant's motion to transfer because plaintiff could not afford to finance litigation); *Odita v. Elder Dempster Lines Ltd.*, 286 F.Supp. 547 (S.D.N.Y.1968) (denying British defendants' motion to transfer action to Great Britain in deference to impecunious plaintiff, despite presence of witnesses in Great Britain and British interest in resolving the matter); *Hokanson v. Helene Curtis Industries Inc.* 177 F.Supp. 701 (S.D.N.Y.1959).

The Court recognizes that defendants will incur some inconvenience should the suit go forward in this jurisdiction. Because this Court lacks the jurisdictional power to subpoena non-party witnesses from Detroit to New York, the parties may have difficulty in securing the testimony of unwilling witnesses. While it is true that in many situations, the "unavailability of compulsory attendance of these key witnesses is a compelling reason to transfer the case," *Ruth Hoppe v. G.D. Searle & Co.*, 683 F.Supp. 1271, 1276 (D.Minn.1988), deposition testimony is an available alternative to live testimony.

Defendant also contends that litigating in New York represents a large financial burden on it. The defense intends to call approximately seven non-party witnesses, each of them from Michigan. The costs and the inconvenience of transporting witnesses is often an important factor in deciding whether or not to grant a transfer. *Essex Crane Rental v. Vic Kirsch Constr. Co.*, 486 F.Supp. 529, 537 (S.D.N.Y.1980). While the Court sympathizes with the inconvenience which defendant must suffer, a transfer would simply shift the inconven-

ience to plaintiff; that shift might deprive her of any forum in which to vindicate her rights. *Odita supra*, 286 F.Supp. at 551.

Defendant finally contends that Michigan would be a better choice of forum because Michigan courts and juries would have a greater connection with the subject matter. Plaintiff's claim arose out of a controversy that occurred in Michigan while she was residing there. This Court takes into account the interests of the forum state, although they are not by themselves decisive and must be weighed with other facts. *Vaughn v. American Basketball Ass'n*, 419 F.Supp. 1274, 1278 (S.D.N.Y.1976). New York was not an inappropriate choice of forum for plaintiff. She lived there before she began her career as a flight attendant and moved back when she could no longer find work in Michigan. Thus the Court notes that both New York and Michigan have some interest in this matter.

Accordingly, the motion to transfer is denied. The basis for this decision is not to be construed broadly. Indeed, if plaintiff were in a more secure financial situation, the outcome would probably be different. *See Bayless v. Dresser Industries Inc.*, 702 F.Supp. 79 (S.D.N.Y.1988) (reversing Court's own opinion to transfer a supposedly impecunious plaintiff when discovery proceedings revealed that he had $350,000 in his bank account).

Conclusion

For the aforementioned reasons, defendant's motion to transfer is denied.

SO ORDERED.