**Irene PRATHER, Plaintiff,**

v.

**MARRIOTT CORPORATION d/b/a Joyce Kilmer Travel Plaza New Jersey Turnpike, Defendant.**

**No. 93 CV 5684 (SJ).**

United States District Court, E.D. New York.

July 12, 1994.

Robert Taylor, Rovegno & Taylor, Forest Hills, NY, for plaintiff.

William G. Scher, Garbarini & Scher, P.C., New York City, for defendant.

## ORDER

JOHNSON, District Judge:

Before this Court is Defendant's motion pursuant to 28 U.S.C. § 1404 to dismiss this action on the ground of forum non conveniens and to transfer venue of this case to the District of New Jersey. Plaintiff filed this motion on January 19, 1994. Defendant did not file opposition papers until April 25, 1994 and a "reply affirmation" on May 10, 1994.

## BACKGROUND

This action was originally commenced in the Supreme Court of the State of New York, County of Kings and was removed to this Court on December 15, 1993 pursuant to 28 U.S.C. § 1441. Plaintiff alleges that she fell in front of the women's restroom at the Joyce Kilmer Travel Plaza on the New Jersey Turnpike outside of East Brunswick. Plaintiff contends that it was the duty of the defendant to maintain the floor in a safe and proper condition and that as a result of Defendant's negligence she suffered severe injuries.

## DISCUSSION

Defendant has moved to transfer this action to the District of New Jersey pursuant to 28 U.S.C. § 1404(a). Such a transfer may be effected for the convenience of parties or witnesses or in the interests of justice. 28 U.S.C. § 1404(a). The district court in which the case is brought may transfer the case to any other district or division in which it might have been brought initially. *Id.*

Pursuant to the transfer statute, the party moving for a transfer of the action must make a clear showing that the transferee district is more convenient and that the interests of justice could be better served by such transfer. *Levitt v. State of Maryland Deposit Ins. Fund Corp.,* 643 F.Supp. 1485 (E.D.N.Y.1986). In determining whether an action may be properly transferred, the court must consider the convenience to the parties and material witnesses, the availability of process to compel the presence of witnesses, the cost of obtaining willing witnesses, the relative ease of access to sources of proof, where the events in issue took place, where the case can be tried in the most expeditious and inexpensive way, and the interests of justice in general. *Id.* at 1492.

Defendant carries the burden of proof in making a motion to transfer. *Factors Etc., Inc. v. Pro Arts, Inc.,* 579 F.2d 215 (2d Cir.1978), *cert. denied,* 440 U.S. 908, 99 S.Ct. 1215, 59 L.Ed.2d 455 (1979); *Austin v. International Bhd. of Teamsters—Airline Div.,* 739 F.Supp. 206 (S.D.N.Y.1990). Defendant's motion papers are entirely insufficient to decide this motion. In a four-page affirmation, Defendant fails to provide this Court with any detailed information upon which to make the determination required under section 1404.[1]

---

1. Defendant did attach as exhibits copies of the complaint and the removal papers but these fail to amplify the moving papers in any way that

Defendant conclusorily states that, other than Plaintiff's residency in New York, all relevant connections are to the state of New Jersey. Defendant contends that "potential witnesses to the incident would have been situated at the defendant's facility in the State of New Jersey." Aff. of William Scher at 2. The fact that witnesses were at the facility when the incident occurred does not necessarily mean that they are residents of New Jersey. Indeed, the New Jersey Turnpike is used by citizens of many states in their travels through this country. At no point does Defendant identify witnesses and their residences. At no point does the Defendant substantiate the contention that the proposed transfer is proper under the rule.

Plaintiff's papers have been only slightly more helpful to this Court; however, Plaintiff failed to respond in a timely fashion. It would be entirely proper for this Court not to consider the papers. Plaintiff informed this Court that they received Defendant's motion but had not "diaried" it in such a manner as to timely respond. Such an excuse is ill justified.

Plaintiff opposes Defendant's motion with somewhat more detail. Plaintiff has averred to this Court that the witnesses to the incident and the treating physicians are New York residents and has provided addresses. Yet, Plaintiff merely concludes that jurisdiction is appropriate without addressing the contention whether jurisdiction is appropriate, and perhaps preferable, in New Jersey.

Defendant and Plaintiff have submitted to this Court woefully inadequate papers. Each has failed to cite legal support for the contentions put forth and a surprising lack of detail is evident in these papers. It is impossible for this Court to make any kind of determination based on this record. Accordingly, the Defendant's motion to transfer is DENIED without prejudice.

SO ORDERED.

could possibly help this Court in reaching a decision.